Olivia W. Karlin, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Michael R. Davis, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

---

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald UDO, Defendant–Appellant.**

**No. 91–50797.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1992.

Decided May 12, 1992.

Before: ALARCON, NORRIS, and O'SCANNLAIN, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Ronald Udo entered a guilty plea to charges of participating in a conspiracy to transfer unregistered firearms. The Pre-

sentence Report calculated Udo's base offense level as being 17. This offense level yielded a presumptively applicable sentencing range of 24 to 30 months.

At sentencing, the government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 ("substantial assistance departures"). The government recommended that the district court depart down by four base offense levels to level 13 and sentence defendant at the lower end of the corresponding sentencing range of 12 to 18 months.

Udo, however, asked the court to depart *below* the government's recommendation. The court refused: "In this matter I don't believe that I have the jurisdiction to do what you suggest, Counsel." Thus, the district court believed that it did not have the authority to depart below the government's recommendation.

On appeal, Udo argues that the district court erred in holding that it did not have authority to depart below the government's recommendation. Udo relies on *United States v. Keene*, 933 F.2d 711 (9th Cir. 1991). In *Keene*, we held that "once the government file[s] a motion for departure based upon [defendant's] substantial assistance, it [is] within the sentencing court's authority to exercise its decision in determining the appropriate extent of departure." *Id.* at 715.

The district court had an opportunity to consider the applicability of *Keene* to this case. The court concluded, however, that *Keene* gave it the authority to set the sentence freely only when the government makes an *open-ended* request for departure.

■ Udo argues that the district court's reading of *Keene* is erroneous. The government agrees. As the government concedes in its brief:

> [T]he holding in *Keene* supports the proposition that once the government moves for a downward departure pursuant to § 5K1.1, it is within the district court's authority to decide the appropriate extent of departure.... Moreover, the district court's authority to decide the extent of the downward departure is

further supported by the language of § 5K1.1, which provides that "[t]he appropriate reduction shall be determined by the court." *The government therefore concedes that the district court incorrectly stated that it had no jurisdiction to grant a downward departure to a greater extent than that recommended in the government's § 5K1.1 motion.*

Red Brief at 8 (emphasis added). We further note that Udo's and the government's reading of *Keene* and of U.S.S.G. § 5K1.1 is consistent with the Eleventh Circuit's reading of section 5K1.1. *See United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990). In section 5K1.1 departures, just as in any other departure, the government has no control over the extent of the departure. Accordingly, we hold that the district court erred in believing that it did not have the authority to depart below the government's recommendation.

It is undisputed that we must reverse if the district court refused to depart down because it thought it lacked the discretion to do so. In defending the sentence, however, the government relies on an exception to this general rule: reversal is not necessary if the district court also stated, *in the alternative*, that it would not depart down even if it had the discretion to do so. *See United States v. Belden*, 957 F.2d 671, 676; *United States v. Williams*, 898 F.2d 1400 (9th Cir.1990).

■ The sole issue in this case is whether the district court's statements at the sentencing hearing indicate that the district court, in refusing to depart further, relied on the alternate ground that it would not exercise its discretion to depart further even if it had such discretion. We must, then, interpret the following statement by the district court:

> In this matter I don't believe that I have the jurisdiction to do what you suggest, Counsel. And the recommendation [of the government] is not inappropriate in this case. It shouldn't be forgotten that your client actually did own and sold those unregistered silencers. He may

have sold them because of the need for money pending his marital problems, and I will give the defendant the best sentence available, given consideration to his past record and his cooperation and his voluntary turning himself in.

The government places heavy emphasis on the following sentence: "And the recommendation is not inappropriate." This sentence, the government contends, indicates that the district court would have refused to depart even if it had the discretion to do so.

The defendant counters that the sentence on which the government relies is at best ambiguous. The defendant points out that the sentence does not say that the recommendation "is appropriate," but that it "is not inappropriate." In any case, the district court, having noted that it does not have the jurisdiction to do what the defendant suggests, made clear that it is "giv[ing] the defendant the best sentence *available.*" (Emphasis added).

We believe the defendant has the better of the argument. The district court's statement does not clearly indicate that the district court would not have departed any further if it had the discretion to do so. At best, the district court's statement is ambiguous. Under *United States v. Dickey,* 924 F.2d 836 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991), "we must remand" if "we are unable to determine from the record whether the district court's ruling on this issue [of departure] was an exercise of its discretion or a legal ruling." *Id.* at 839.

The government's reliance on *Belden* and *Williams* is misplaced. In both cases, the district court made clear that it would not depart even if it had the discretion to do so. In *Belden,* the district court said it was "not inclined to depart." *Belden,* at 676. In *Williams,* the district court said "I do [not] find facts which would lead me to believe I should depart." *Williams,* 898 F.2d at 1403. Here, the district court did not, as in *Belden,* state clearly that it was not inclined to depart. Nor did the departure require further facts which, the district court indicated, do not exist.

Because the district court's statements are at best ambiguous, we are compelled by *Dickey* to VACATE the sentence and REMAND to give the district court an opportunity to decide whether it wishes to exercise its discretion to depart below the sentence recommended by the government.