980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick W. BARTHOLOMY, Defendant-Appellant.
 No. 92-50193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 25, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick W. Bartholomy appeals the district court's refusal to depart further than the one point reduction recommended by the government. To Bartholomy, his "substantial cooperation" required more than a mere one point sentencing reduction and that the district court's refusal to do so was based on its erroneous belief that it was bound by the plea agreement.
 
 
 3
 Because the district court clearly did not consider itself bound by the plea agreement, we hold the refusal to depart further than one point was a proper exercise of discretion unreviewable by this court.
 
 
 4
 * Normally, we have no jurisdiction to review a discretionary decision not to depart downward from the guidelines. United States v. Morales, 961 F.2d 1428, 1431 (9th Cir.1992), amended, 972 F.2d 1007 (9th Cir.1992). However, we will review de novo a district court's legal determination that the Sentencing Guidelines prevent a departure that the district judge would otherwise have made. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.1992), cert. denied, 1992 WL 194266 (October 15, 1992).
 
 
 5
 Bartholomy maintains the district court considered itself bound by the one point sentence reduction recommended by the government. In this, Bartholomy misreads the statements of the district court. Although the district court indicated that "substantial is what the government thinks is substantial," the court also made clear during the motion for reconsideration that it did not consider itself bound by the plea agreement or the government's recommendation.[1]
 
 
 6
 Thus, Bartholomy's reliance on United States v. Udo, 963 F.2d 1318 (9th Cir.1992), is misplaced. In Udo, the district court made statements indicating that it believed it did not have the authority to depart below the government's recommendation. Id. at 1319. Here, the district judge quite clearly believed he could have departed further downward had he wanted to.[2] When, as in this case, the refusal to make an additional downward departure is discretionary, this court has no jurisdiction to second-guess the district court. See Morales, 961 F.2d at 1431.
 
 II
 
 7
 Bartholomy also makes the claim that the guidelines require a greater than one point sentence reduction for "substantial cooperation." To Bartholomy, if there is only a one point departure for substantial cooperation, "what would there be for regular cooperation? A zero, or a minus zero?"
 
 
 8
 A zero.
 
 
 9
 Section 5K1.1 of the Sentencing Guidelines reads:
 
 
 10
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."
 
 
 11
 U.S.S.G. § 5K1.1 (1991) (emphasis added).
 
 
 12
 Thus, the guidelines themselves require substantial cooperation before a judge has discretion to depart downward, even one point downward, from the sentencing guidelines.
 
 
 13
 Finally, Bartholomy makes oblique references to a breach of contract by the government. He does not, however, cite the language in the plea agreement that the government allegedly breached.
 
 
 14
 The agreement itself makes no mention of how much a departure the government will recommend. It simply states that, if the government accepts and uses the cooperation of Bartholomy, "the government agrees to move the court for a downward departure from the sentence imposed on Count Two, pursuant to U.S.S.G. § 5K1.1." The agreement further states, "[t]he assessment of the value and quality of Mr. Bartholomy's cooperation, as well as the decision to move for a downward departure or a reduction of sentence, is within the discretion of the government."
 
 
 15
 Notwithstanding Bartholomy's feeling that his cooperation was worth more than a mere point, the government did what it agreed to do.
 
 The district court's judgment is
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "But I don't care what the government requested. It wouldn't have affected the sentence. And he is in my opinion--I really couldn't care less whether Mrs. Now-Judge Dymant likes the sentence or doesn't like it. She can take care of her sentencing in the Municipal Court, I'll take care of the ones that I have here. I think the sentence is a fair and appropriate one, right or wrong. And I don't see any reason to modify it. And for that reason the motion for modification is denied." Appellee's Excerpt of Record at 20
 
 
 [2]
 "The government can only recommend. They can recommend that it be a reduction or can recommend that it be an increase. But the judge is the one that's eventually going to make the decision." Appellee's Excerpt of Record at 19