UNITED STATES of America,
Plaintiff–Appellee,

v.

Okwudiri R. ARISHI, aka Remy Arishi,
R. Arisi, Defendant–Appellant.

No. 94–50088.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 1995 *.

Decided May 4, 1995.

Morton H. Boren, Hauptman & Boren, Los Angeles, CA, for defendant-appellant.

Dean G. Dunlavey, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Okwudiri Arishi appeals the district court's ruling on the government's Fed. R.Crim.P. 35(b) motion for reduction of sentence, arguing that the district court abused its discretion by failing to provide an evidentiary hearing. The government argues that we lack jurisdiction, since Arishi's appeal does not fall within 18 U.S.C. § 3742.

FACTS AND PRIOR PROCEEDINGS

On February 26, 1991, Arishi was convicted on five counts related to heroin trafficking. On June 6, 1991, Arishi was sentenced to a prison term of 189 months. We affirmed the district court's judgment in an unpublished opinion. *United States v. Arishi*, 988 F.2d 122 (9th Cir.1993).

On August 10, 1993, the government filed a Rule 35(b) motion for reduction of Arishi's sentence, based on his substantial assistance to the government in another criminal prosecution. The government recommended a one-level reduction, which would reduce Arishi's sentence by twenty months. Arishi requested a hearing on the Rule 35(b) motion. The district court denied his request. After hearing telephonic arguments from the attorneys, the district court reduced Arishi's sentence by thirty months instead of the twenty months requested by the government.

DISCUSSION

The issue before us is whether Arishi's appeal is an effort to appeal from a sentence, pursuant to 18 U.S.C. § 3742, or an attempt to appeal from an otherwise final order pursuant to 28 U.S.C. § 1291. The

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

right to appeal is statutory, not constitutional. A party "must come within the terms of [an] applicable statute" in order to appeal. *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977).

Rule 35(b) provides for reduction of sentences for substantial assistance to the government under limited circumstances:

> The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence.

Fed.R.Crim.P. 35(b) (1994) (quoted in pertinent part). Arishi claims that the reduction does not reflect the extent of his cooperation. He argues that an evidentiary hearing would have revealed the full scope of his cooperation.

## I. Appeal of a Sentence Pursuant to 18 U.S.C. § 3742

The government argues that Arishi's appeal does not fall within 18 U.S.C. § 3742, which restricts his right to appeal from an "otherwise final sentence" to four distinct criteria:

> (a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the

maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (1993 & Supp.1995).

The government correctly argues that Arishi's claims do not fall within the criteria provided in section 3742. Arishi concedes that we have not previously decided this issue:

> While appellant is aware of no authority directly on point in this circuit, other Circuit Courts of Appeal have held that a district court may abuse its discretion by refusing to hold an evidentiary hearing before ruling on a motion to reduce a defendant's sentence for substantial assistance pursuant to Rule 35(b).

Appellant's Opening Brief at 9.

Arishi cites *United States v. Yesil,* 991 F.2d 1527 (11th Cir.1992), for the proposition that the denial of a hearing on a Rule 35(b) motion is appealable. In *Yesil,* the Eleventh Circuit remanded three defendants' sentences for evidentiary hearings on their substantial assistance. *Yesil* does not support Arishi's claims, as the *Yesil* court specifically stated that the defendants could not appeal the denial of Rule 35(b) motions or their sentences. *Yesil* involved the enforcement of plea agreements, not the appeal of the denial of a Rule 35(b) motion. As the government notes in Arishi's case, no plea agreement existed; the government was not obligated to file a Rule 35(b) motion.

By not construing section 3742 as permitting an appeal of the denial of Rule 35(b) motions or the degree of reduction of sentence, the symmetry between Rule 35(b) motions and U.S.S.G. § 5K1.1 motions is maintained. Section 5K1.1 empowers the government to file a substantial assistance motion, but does not impose a duty to do so. *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The government's failure to file a section 5K1.1 motion is

not reviewable unless the defendant makes a "substantial threshold showing" that the government's refusal is based upon unconstitutional motives. *Id.* "A claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.; see also United States v. Mkhsian,* 5 F.3d 1306, 1314 (9th Cir.1993). Although *Wade* involved a defendant's challenge to the government's failure to move for downward departure pursuant to section 5K1.1, its reasoning should be applicable to evidentiary hearings in conjunction with Rule 35(b) post-conviction sentence reductions. *See United States v. Hardesty,* 958 F.2d 910, 911 n. 1 (9th Cir.1992) (Rule 35 amended to conform to the Sentencing Guidelines).

## II. Jurisdiction Under Section 1291

The First Circuit has held that it has jurisdiction to review a district court's refusal to hold an evidentiary hearing on a Rule 35(b) motion. In *United States v. McAndrews,* 12 F.3d 273 (1st Cir.1993), the court recognized the limitations of a court of appeals to review the degree of a sentencing court's departure:

> [N]either a district court's refusal to depart downward to reward a defendant's substantial assistance, nor the court's refusal to grant as generous a departure as a cooperating defendant had hoped, will normally constitute an appealable event.

*Id.* at 276. Then, however, the court distinguished a Rule 35(b) appeal from a sentence appeal under 18 U.S.C. § 3742:

> Rule 35(b) is a horse of a different hue. By definition, a sentence must already have been imposed before Rule 35(b) can be invoked and a sentence reduction contemplated. It follows that the appealability of an order resolving a Rule 35(b) motion is not controlled by 18 U.S.C. § 3742 because *such an order is not, properly speaking, a sentence.* Rather, appealability in such circumstances, like appealability with respect to the disposition of virtually

all other post-judgment motions, is governed by 28 U.S.C. § 1291. And an order resolving a Rule 35(b) motion satisfies the preconditions established by section 1291, for entry of the order leaves nothing further to be done. An order granting or denying a Rule 35(b) motion is, thus, a final decision for purposes of section 1291.

*United States v. McAndrews,* 12 F.3d 273, 277 (1st Cir.1993) (emphasis added) (footnote & citation omitted).[1]

The only other circuit to resolve the issue of appealability of an order on a Rule 35(b) motion, the Eleventh Circuit, has declined to follow the First Circuit:

> Although finding appellate jurisdiction of a defendant's appeal under 28 U.S.C. § 1291, the First Circuit, noting its disagreement with *Yesil,* held that rulings on Rule 35(b) motions are not appealable pursuant to § 3742. *U.S. v. McAndrews,* 12 F.3d 273, 277 (1st Cir.1993). The only reason given by the *McAndrews* panel was that an order resolving a Rule 35(b) motion "is not, properly speaking, a sentence." *Id.* We find this reasoning unpersuasive. Section 3742 allows for the appeal of an "otherwise final sentence." In ruling upon a Rule 35(b) motion, the district court will either reduce the sentence that was previously imposed or leave it undisturbed. Once that ruling is made, the remaining sanction upon the defendant falls within the common sense meaning of "an otherwise final sentence." The government may appeal that remaining sentence if it satisfies one of the four criteria set out in § 3742(b). We have noted before that a modification of a sentence is part of the sentencing process. *United States v. Dean,* 752 F.2d 535, 540 (11th Cir.1985). Moreover, we believe our interpretation better comports with the Congressional intent that appeals of sentences be based on the § 3742 criteria and that there be symmetry between appeals by a defendant and appeals by the government.

---

1. Section 1291 provides, in pertinent part:
   The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States
   . . . .
   28 U.S.C. § 1291 (1993).

*United States v. Chavarria–Herrara,* 15 F.3d 1033, 1035–36 (11th Cir.1994).[2] In a footnote to this passage, the Eleventh Circuit explains the symmetry conflict:

> If Rule 35 rulings were appealable only pursuant to 28 U.S.C. § 1291, as *McAndrews* indicates, then there would be appellate jurisdiction of a defendant's appeal, but not of an appeal by the government.

*Id.* at 1036 n. 3. The *Chavarria–Herrara* court also considered the legislative intent behind the symmetry:

> The symmetrical structure of § 3742 indicates that Congress intended appellate review of sentences to be available to the government on the same terms as to defendants. The legislative history confirms this symmetry. S.Rep. No. 225, 98th Cong., 2d Sess. 150 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3333 (Section 3742 was enacted so that appellate review would be "available equally to the defendant and the government.").

*Id.* at 1035.

## CONCLUSION

We agree with the Eleventh Circuit that the exclusive avenue of appeal of rulings on Rule 35(b) motions is 18 U.S.C. § 3742. For the reasons discussed above, Arishi's claims do not fall within the appealable criteria. Thus, lacking jurisdiction, we dismiss Arishi's appeal.

---

2. Appeals by the government are permissible under the same criteria as those provided for a defendant's appeal:

> The government may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
> (3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of

imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(b) (1993 & Supp.1995).