74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeff GOUGH, Defendant-Appellant.
 No. 92-50595.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 11, 1995.
Decided Jan. 12, 1996.
 
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In a written plea agreement dated September 13, 1989, defendant-appellant Jeff Gough agreed to provide "substantial cooperat[ion]" with government narcotics investigations. In exchange, the government agreed to request a reduction in Gough's sentence under Federal Rule of Criminal Procedure 35(b) ("Rule 35"). Pursuant to the plea agreement, the government filed a Rule 35 motion on May 16, 1991, recommending a one-year reduction for Gough's cooperation. Judge Thompson granted the motion and reduced Gough's sentence accordingly.[1]
 
 
 3
 On appeal, Gough argues that the district court should have conducted a full evidentiary hearing on whether the government complied in good faith with his plea agreement. We reject this argument. The district court gave appellant ample time to make a showing of bad faith on the government's part. Nonetheless, Gough failed to raise, much less make such a showing. We therefore hold that the district court did not abuse its discretion in refusing to hold an evidentiary hearing. See United States v. Krueger, 454 F.2d 1154, 1155 (9th Cir.1972) (reviewing district court's refusal to hold evidentiary hearing on Rule 35 motion for abuse of discretion).
 
 
 4
 Gough also argues that the district court erred in failing to find that the government breached his plea agreement. This argument is based on Gough's assertion that during plea negotiations the government promised to recommend that his sentence be reduced to that received by his co-defendant Michael Powell (i.e., approximately five-and-a-half years). The unambiguous, plain language of the plea agreement forecloses this argument; within the agreement, there is no reference to any such promise by the government.
 
 
 5
 Finally, Gough argues that the district court abused its discretion by delegating to the government its authority to determine the extent of the sentence reduction. We reject this argument, as well. On appeal, we will not review the district court's ruling on the extent of the Rule 35 sentence reduction unless the district court erroneously believed that it did not have the discretion to reduce Gough's sentence by a greater amount than the government recommended. Cf. United States v. Udo, 963 F.2d 1318, 1319 (9th Cir.1992) (reversing ruling under Sec. 5k1.1 of Sentencing Guidelines where district court erroneously stated that it did not have discretion to grant reduction greater than government's recommendation); see also United States v. Arishi, 54 F.3d 596, 597 (drawing parallel between motions under Sec. 5k1.1 and Rule 35(b)). From our review of the record, it is clear that the district court did not delegate its authority; it simply decided to follow the government's recommendation.
 
 
 6
 Gough's sentence is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his brief, Gough also makes reference to an agreement between the government and his parents, under which his parents provided cooperation with government narcotics investigations in an effort to secure a further reduction in Gough's sentence. During oral argument, however, Gough expressly abandoned any argument that the government breached its agreement with his parents. We therefore do not address that agreement here