83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ciro QUEZADA-MENA, aka Ciro Quezada-M, aka Ciro Quezada,
Defendant-Appellant.
 No. 95-30212.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1996.*
Decided April 30, 1996.
 
 1
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Ciro Quezada-Mena appeals his sentence for reentering the country illegally as a deported alien in violation of 8 U.S.C. § 1326(a). He contends that the district court erred when it determined it lacked the legal authority to depart downward on the basis of extraordinary family circumstances. Because it is unclear whether the district court knew it had the authority to depart downward, we vacate Quezada-Mena's sentence and remand to give the district court an opportunity to decide if it wishes to exercise its discretion. See United States v. Eaton, 31 F.3d 789, 793 (9th Cir.1994); United States v. Udo, 963 F.2d 1318, 1320 (9th Cir.1992).
 
 
 4
 The district court had the legal authority to depart downward in this case. U.S.S.G. § 5H1.6 provides as a general rule that "family ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." Yet, family ties and obligations may justify a departure under "extraordinary circumstances." See United States v. Boshell, 952 F.2d 1101, 1107 (9th Cir.1991); United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991).
 
 
 5
 It is unclear, however, whether the district court's decision not to depart was based on an exercise of discretion or a legal ruling that it lacked the authority to depart. The court's statements that "there simply is no room to move under the federal sentencing laws" and that there is no "legal basis for a sentence any less than [24 months]" tend to suggest that the district court erroneously determined it lacked the discretion to depart. On the other hand, the district court's general comments that Quezada-Mena received a favorable disposition, and the fact that it let the family speak on the issue, suggest that the court was aware of its authority to depart but thought that 24 months was an appropriate sentence.
 
 
 6
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3