UNITED STATES of America, Plaintiff–Appellee,

v.

Robert B. ANTHONY, aka Robert A. Brady, Defendant–Appellant.

No. 95–30395.

United States Court of Appeals, Ninth Circuit.

Submitted * Aug. 5, 1996.

Decided Aug. 20, 1996.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34–4.

Frank A. Wilson, Assistant United States Attorney, Spokane, Washington, for plaintiff-appellee.

Before WRIGHT, BEEZER and O'SCANNLAIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether Anthony's plea agreement requires that he provide substantial assistance to the government in exchange for its promise to make a motion for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines.

## BACKGROUND

Anthony was indicted and charged with four separate drug offenses. He agreed to plead guilty to one count of cocaine distribution in exchange for a dismissal of the remaining charges. He also agreed to cooperate with authorities in exchange for the government's promise to make a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, the substantial assistance guideline.[1]

Anthony was released pending sentencing to allow time for him to fulfill the conditions of the plea agreement. During that interim he provided some information to the government. But he also violated the conditions of his release and the law, having tested positive for cocaine during that time. He also

Neil L. Cane, Spokane, Washington, for defendant-appellant.

1. The plea agreement states in relevant part:
    7. The defendant agrees to be debriefed by the United States regarding the Defendant's knowledge of the possession, manufacturing, and distribution of cocaine base and methamphetamine, or any other controlled substance, by himself or others.
    The Defendant agrees to truthfully and completely answer all questions posed by law enforcement officers during the debriefing.
    The Defendant agrees to meet with the Government attorney and law enforcement officers for purposes of preparing for any of the proceedings described above.

The Defendant further understands that his cooperation as described above is not limited solely to the investigation in this case, but encompasses any other potential cases for which the Defendant has knowledge or may be of assistance.
    8. If the Defendant complies with the terms and conditions of this agreement, the United States will, at the time of sentencing, move the court to depart from U.S.S.G. and statutory minimum sentencing pursuant to the provisions of § 5(k)1.1 and 18 U.S.C. § 3553(a).

failed to appear for a subsequent drug test requested by his probation officer.[2]

Before sentencing, the government evidently indicated that it did not intend to make a motion for a downward departure pursuant to section 5K1.1. Anthony moved the district court to compel the government to do so. A hearing was held on the motion.

A DEA agent testified that Anthony "gave [him] names and all the different people he thought he felt he could do and buy narcotics from and information like that." The agent described this information as "very vague," saying "[t]here [were] no specifics, addresses, names, quantities, types of narcotics which basically led us where we couldn't open a case on anything that he gave us." He noted that Anthony reported the number of a personalized license plate, but it could not be traced. He also told the court that, because Anthony tested positive for cocaine, he did not qualify as a "cooperating individual" with the DEA. He said that the DEA's policy is not to use drug users as informants.

The court denied Anthony's motion to compel specific performance. It interpreted the plea agreement to require that he provide the government with substantial assistance which he failed to do because the information he gave was too vague and nonspecific. The court also noted that he was disqualified as an informant because of his drug use. Anthony appeals.

## ANALYSIS

### Standards of Review

■ This court generally reviews for abuse of discretion the district court's denial of motions made in criminal proceedings. *See e.g. United States v. Read,* 778 F.2d 1437, 1440 (9th Cir.1985) (denial of motion to withdraw guilty plea) *cert. denied,* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986); *United States v. Staufer,* 38 F.3d 1103, 1109 (9th Cir.1994) (denial of motion to compel disclosure of informant); *United States v. Antone,* 981 F.2d 1059, 1061 (9th Cir.1992) (denial of defendant's motion to compel production of records). We review for abuse of discretion

the denial of Anthony's motion to compel specific performance of the plea agreement.

■ The district court refused to compel performance because it interpreted the agreement to require substantial assistance and found that Anthony had not complied. We review the court's interpretation of the plea agreement for clear error, but review de novo the application of legal principles involved in this interpretation. *United States v. Floyd,* 1 F.3d 867, 869 (9th Cir.1993) (citations omitted). We review for clear error the district court's factual findings as to whether Anthony provided substantial assistance. *See United States v. Murphy,* 65 F.3d 758 (9th Cir.1995) (reviewing for clear error court's factual findings concerning the government's reasons for refusing to move for a substantial assistance departure).

### Substantial Assistance Requirement

■ Anthony argues that the court erred in interpreting the plea agreement to require his substantial assistance. He contends that the precise words "substantial assistance" were not used in the agreement and it cannot be considered a condition. Citing *United States v. De la Fuente,* 8 F.3d 1333 (9th Cir.1993), he urges the court to enforce the literal language of the agreement under contract law principles and to resolve any ambiguities in his favor. *Id.* at 1337–38.

He argues that this court's interpretation of a similar plea agreement in *Floyd* is controlling. There, the government promised to move for a downward departure in exchange for Floyd's promise to provide information and testimony if necessary. 1 F.3d at 868. The only explicit mention of substantial assistance was in a separate "acknowledgment" signed subsequent to the plea agreement. The district court concluded that the defendant did not "cooperate" as promised in the acknowledgment and thus denied her motion to compel the government to move for a downward departure. *Id.* at 870–71. We vacated and remanded for a determination of whether the subsequent acknowledgment was a valid modification of the original agree-

2. The magistrate judge postponed making any findings on these violations until after the date scheduled for his sentencing on the distribution charge. No findings were ever made.

ment. *Id.* at 870–71. In so doing we concluded that the original agreement did not require substantial assistance. *Id.* at 870.

*Floyd* does not control because Anthony's plea agreement contains a more specific reference to the substantial assistance guideline. That says that if he complies, the government will move for a downward departure "pursuant to the provisions of U.S.S.G. § 5(k)1.1...." The parallel language in Floyd's agreement said only that the government would recommend a downward departure "from the sentencing guidelines and the mandatory minimum. sentence." *Floyd,* 1 F.3d at 869 n. 1. *See United States v. Kelly,* 18 F.3d 612, 616 (8th Cir.1994) (the phrase "pursuant to Guideline Section 5K1.1" is sufficient to link the defendant's cooperation to the substantial assistance requirement). We find that the court did not err in construing the agreement to require substantial assistance.

### Findings of Fact

█ Anthony argues that the district court erred in its factual determination that he did not provide substantial assistance. This finding is supported by the testimony of the DEA agent and the probation officer. There was no error.

### CONCLUSION

Because the court did not err in interpreting the plea agreement to require that Anthony provide substantial assistance and in finding that he had not done so, it properly denied his motion to compel specific performance of the agreement.

**AFFIRMED.**