113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Joseph SMITH, Defendant-Appellant.
 No. 96-10044.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided April 30, 1997.
 
 Before: HUG, Chief Judge, REAVLEY* and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Joseph Smith appeals his conviction and sentence for conspiracy to possess and transfer a machine gun, in violation of 18 U.S.C. §§ 371, 922(o), and for possession of a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(I). Defendant argues the court below erred in denying his Rule 29(c) motion to dismiss, and that there was insufficient evidence he knew the gun lacked a serial number. Smith further contends the court erred in denying his requested entrapment instruction, and in refusing to depart downward. We affirm.
 
 
 3
 There was substantial evidence that Smith knew the gun was fully automatic, and therefore subject to the registration and serial number requirements of § 5861. Specific knowledge that the gun lacked a serial number is not an element of the offense, therefore defendant's contention and motion on that issue is meritless. The mens rea requirement under the National Firearms Act is met if the defendant knew he was in possession of a machine gun. See Staples v. United States, 114 S.Ct. 1793 (1994). The court properly denied defendant's motion to dismiss.
 
 
 4
 We see no error in the refusal of an entrapment instruction, whether reviewing de novo or by a standard of abuse of discretion. See United States v. Sotello-Murillo, 887 F.2d 176, 179-80 (9th Cir.1989). Entrapment requires a showing that defendant was both induced to commit a crime by a government agent, and was otherwise not predisposed to commit the crime. United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991). The evidence raised no issue of lack of predisposition to sell the illegal weapon. Regardless of the inducement, predisposition will, as a threshold matter, render the defense of entrapment unavailable. Id. at 898 (citing Hampton v. United States, 425 U.S. 484, 488-89 (1976)). There was unrebutted testimony Smith had previously purchased fully automatic weapons and that he willingly sold the illegal gun in question to Regan Fong.
 
 
 5
 At trial, the jury heard the recordings of seven conversations between defendant Smith and Agent Fong that took place over the course of December 3-9, 1992. One additional taped conversation was a call Fong made to Smith's house in which he spoke with Smith's wife, who had paged Fong on Smith's instructions that she arrange for them to meet later than they had originally scheduled. Except for the taped conversation of their meeting at a restaurant the night of December 4, at which they negotiated a price for the sale of the gun, the others were telephone conversations in which they made arrangements to meet and complete the sale of the firearm.
 
 
 6
 Contrary to defendant's allegations that the tapes of the conversations suggest Smith was reluctant to complete the sale to Fong, the transcripts of the recordings evidence a willingness on Smith's part to explain his delays or missed appointments, and even include a call from Smith to Fong after the December 7 sale, in which Smith tells Fong he has information on where he may procure ammunition magazines for the gun.
 
 
 7
 Defendant's other contention on why an entrapment instruction was warranted involved the factually disputed issue of whether Bruce Scott Nehf sold Smith the illegal Reising firearm before or after Nehf agreed to cooperate with the government in exchange for a reduced sentence. Even if defendant's allegations are taken as true, the evidence would not raise an issue of lack of predisposition. The district court properly denied instructing the jury on an entrapment defense.
 
 
 8
 We do not review a district court's refusal to depart downward in sentencing, absent a showing that the court erroneously believed it lacked legal authority to depart. United States v. Udo, 963 F.2d 1318, 1319 (9th Cir.1992). Here, the court below considered the evidence of record and held that it did not warrant a downward departure based on Smith's contention that he was induced to commit the crime or was not predisposed.
 
 
 9
 AFFIRMED.
 
 HUG, Chief Judge, dissenting in part:
 
 10
 I believe the majority correctly rejects Smith's arguments that the district court erred in denying his motion to dismiss, and in refusing to depart downward in sentencing. I also agree with the majority that the evidence did not warrant an entrapment instruction on the charge that Smith unlawfully possessed a firearm lacking a serial number. I write separately because believe the district court erred in refusing Smith's proffered entrapment instruction with regard to the charge in count one for conspiracy to transfer a machine gun.[1]
 
 
 11
 As the majority correctly points out, the entrapment defense requires a showing that (1) the defendant was induced by a government agent to commit the crime, and (2) that the defendant was not predisposed to commit that crime absent the inducement. United States v. Kessee, 992 F.2d 1001, 1003 (9th Cir.1993). But the showing that a defendant must make as to each element in order to be entitled to an entrapment instruction is quite modest.
 
 
 12
 A defendant must present evidence on both elements of the defense, but only slight evidence is needed to create a factual issue and get the defense to the jury ... [t]he evidence may be weak, insufficient, inconsistent, or of doubtful credibility ... but the defendant is entitled to an instruction unless the prosecution rebuts the evidence such that no rational jury could entertain a reasonable doubt as to either element.
 
 
 13
 Kessee, 992 F.2d at 1003 (citations and quotations omitted).
 
 
 14
 Smith presented some evidence at trial that the Government induced him to sell the machine gun on December 7, 1992.[2] And I cannot agree with the majority's conclusion that the evidence presented at trial rendered untenable Smith's argument that he was not predisposed to commit the crime of conspiracy to transfer a machine gun. The evidence in support of Smith's argument as to both elements may have been weak and contradicted, but whatever the strength of the defense or its likelihood of success before the jury, I believe Smith was entitled to the instruction.
 
 
 15
 I would reverse the conviction on count one and remand for resentencing.
 
 
 
 *
 Honorable Thomas M. REAVLEY, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Th Cir.R. 36-3
 
 
 [1]
 Count one charged Smith with conspiracy to possess and transfer a machine gun between December 4, 1992 and December 7, 1992. However, the target offense is for possession or transfer of a machine gun. 18 U.S.C. § 922(o). It is impossible to discern whether the jury convicted Smith on Count One for conspiracy to possess or conspiracy to transfer the machine gun to Agent Fong, or both. Accordingly, if the entrapment instruction was warranted as to either possession or transfer, the conviction on Count One must be reversed
 
 
 [2]
 There was evidence that in December of 1992 Nehf, acting as a Government agent, called Smith to suggest the sale of the machine gun to Agent Fong. Agent Fong testified that he initiated the contact with Smith regarding the sale of the gun, in a telephone call on December 3, 1992. Agent Fong further testified that Smith broke one appointment to discuss the sale of the gun because he was busy at work. A review of the transcripts reveals that Smith exhibited at least some reluctance and ambivalence about making the sale, and that Agent Fong applied as least some pressure on Smith to go forward with the deal