**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alexander FREEMAN, Defendant–
Appellant.**

No. 98–50684.
D.C. No. CR–98–00103–RSWL–1.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Decided July 6, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Alexander Freeman, a federal prisoner, appeals pro se his conviction following a guilty plea and sentence for one count of armed postal robbery and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2114(a) and 924(c). Freeman contends that the district court erred by denying his motion for specific performance of a plea agreement, motion to suppress, and request for down-

ward departure in his sentence. We affirm the conviction and sentence.

■ First, Freeman claims that the Government breached an oral agreement not to prosecute him for using a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c). He argues that he signed a waiver of a preliminary hearing and waiver of indictment, both of which originally listed only the single count of § 2114 for robbery, in exchange for the Government's promise not to add the weapons charge. We review the district court's decision not to compel the Government to drop the weapons charge for clear error because the district court denied the motion based on an interpretation of the arrangement under which Freeman would sign the waiver. *United States v. Anthony*, 93 F.3d 614, 616 (9th Cir.1996).

■ Freeman relies on the waiver of a preliminary hearing and a waiver of indictment which originally omitted the weapons charge to argue that "this sequence clearly establishes a pattern indicating continuous and mutual understanding between the parties." However, the record demonstrates that no such promise was made and that Freeman was aware of the Government's intention to charge the additional count. Andrew Brown, Assistant United States Attorney in this case, stated that he never made a promise not to charge the additional weapons count, and in fact told Ellen Barry, Freeman's attorney during the relevant period, that "her client was already getting away with the carjacking ... and that there was no way the Government would bargain away the other 924(c) count." Similarly, Ms. Barry stated that she spoke with the prosecutor very soon after the initial complaint was filed and "[h]e said that he would be charging the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

§ 924(c) count." Ms. Barry also states that the next day, about January 9, 1998, she told Freeman of the Government's intention to charge the additional count. Because there is no evidence of a promise by the Government, the district court did not commit clear error in denying Freeman's motion to compel the Government to withdraw the prosecution of the § 924 weapons charge.

■ Freeman next claims that the district court erred in denying his motion to suppress the evidence found in the car. He claims that the arresting officer, Officer Gomez, lacked probable cause at the time he removed the keys from Freeman's pants pocket and that the items found in the car were the fruit of an illegal search. This issue centers around a factual dispute as to the information that Officer Gomez knew before removing the keys from Freeman and before conducting a search of his car. We review a district court's factual findings underlying a finding as to the lawfulness of a search and seizure for clear error. *United States v. Hudson*, 100 F.3d 1409, 1414 (9th Cir.1996).

■ The Government contends that Officer Gomez did not remove Freeman's keys during the first frisk for weapons. In signed declarations, Officer Gomez and assisting Officer McDonough state that Officer Gomez knew of the stolen money orders and warrants for arrest before searching Freeman. Because of this evidence and further supporting testimony, the district court did not commit clear error in making this factual finding.

■ Based on this sequence of events, Officer Gomez's removal of the keys was lawful because he had sufficient probable cause at that time to arrest Freeman. Probable cause exists when police officers have "reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense."

*United States v. Harvey*, 3 F.3d 1294, 1296 (9th Cir.1993) (quotations and citations omitted). Here, three postal employees had identified Freeman as the person who had attempted to cash stolen money orders. Freeman matched the description of the robber provided by the post office that had been robbed. Furthermore, Officer Gomez was aware of three outstanding warrants for Freeman's arrest. This information provided sufficient justification to believe that Freeman had committed an offense, and thus the search that revealed the keys was a valid search incident to arrest. *See United States v. Potter*, 895 F.2d 1231, 1234 (9th Cir.1990).

For the first time on appeal, Freeman challenges the legality of the search of the vehicle itself. This argument differs from the one he raised before the district court. In that earlier motion to suppress, Freeman only argued that because the removal of the keys was illegal, the evidence found in the car was derived from an illegal seizure. We decline to consider this issue because it was not presented to the trial court. *United States v. Childs*, 944 F.2d 491, 495 (9th Cir.1991).

■ Freeman also objects to the district court's failure to make a downward departure. The district court calculated the sentence for the § 2114 conviction based on an offense level of 19, and sentenced Freeman to the lowest sentence within the range provided; it did not increase that level, as Freeman contends on appeal. In the plea agreement, Freeman waived his rights to contest any sentence based on an offense level 19. "This court regularly enforces knowing and voluntary waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas ...." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000) (quotations omitted). Therefore, we decline to review the district court's

decision not to grant a downward departure. Moreover, the district court's refusal to depart downward was an exercise of discretion, which is not reviewable. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1064 (9th Cir.2000).

For the first time, Freeman also raises the argument that the Government violated the rule against multiplicity in charging him with both armed postal robbery and one count of use of a firearm during a crime of violence. *See* 18 U.S.C. §§ 2114(a) & 924(c). We decline to review this issue because it was not presented to the district court. *United States v. Klinger,* 128 F.3d 705, 708 (9th Cir.1997).

AFFIRMED.