### UNITED STATES of America, Plaintiff—Appellee,

v.

### Richard CASAS, Defendant—Appellant.

### No. 02–50156.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided May 9, 2003.

Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Richard Casas appeals the district court's refusal to compel the government to move for a downward departure under U.S. Sentencing Guideline § 5K1.1 ("Substantial Assistance to Authorities"). His plea agreement obligated the government to do so if it found he had "provided

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

substantial assistance." It is not disputed that Casas provided much of value to the government. The government refused, however, to find that Casas had provided substantial assistance because it found that he had not been entirely truthful in his interviews with investigators. This, *inter alia*, undermined his potential value as a witness against his co-conspirators.

The refusal to compel specific performance of a plea agreement is reviewed for abuse of discretion. *United States. v. Anthony*, 93 F.3d 614, 616 (9th Cir.1996).

Whether the government would have found that Casas provided substantial assistance in the absence of what it judged to be this lack of candor is immaterial. Under the plea agreement, the government's obligation to make the § 5K1.1 motion was predicated upon its determination, *"in its exclusive judgment*, that defendant has provided substantial assistance to law enforcement in the prosecution or investigation of another" (emphasis added).

"The district court cannot review the government's discretionary decision not to file the [§ 5K1.1] motion, except that 'the government cannot refuse to file such a motion on the basis of an unconstitutional motive ... or arbitrarily (i.e., for reasons not rationally related to any legitimate government interest).'" *United States v. Mikaelian*, 168 F.3d 380, 385 (9th Cir. 1999) (quoting *United States v. Murphy*, 65 F.3d 758, 762 (9th Cir.1995)). The district court correctly understood that it could review the government's decision not to bring a motion for downward departure to determine whether the government acted in bad faith. Upon doing so, it found that the government did believe that Casas had failed to cooperate fully, and that its decision was not an act of bad faith. This was not clear error, and its refusal to compel a motion was thus not an abuse of discretion. The district court's refusal to

compel a government motion to move for a downward departure is

**AFFIRMED.**