**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lino Santana PEDROZA,**
**Defendant–Appellant.**

No. 02–30294.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2003.*

Filed Jan. 26, 2004.

Greg S. Silvey, Boise, ID, for the defendant-appellant.

Kim R. Lindquist, Assistant United States Attorney, Boise, ID, for the plaintiff-appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: WARDLAW, GOULD, and PAEZ, Circuit Judges.

PER CURIAM.

On October 19, 1998, Lino Santana Pedroza pleaded guilty to three drug related counts. Consistent with the terms of his plea agreement with the government, the district court sentenced Pedroza to a term of 92 months followed by a mandatory consecutive sentence of 60 months for possession of a firearm during a drug trafficking crime. In response to the government's Federal Rules of Criminal Procedure 35(b) motion, the court later reduced Pedroza's total sentence to 130 months. Pedroza challenges the extent of the reduction, arguing that it did not adequately reflect the breadth of his cooperation.

## DISCUSSION

■ The right to appeal is statutory, not constitutional, so a party's claim "must come within the terms of[an] applicable statute" to establish appellate jurisdiction. *United States v. Arishi*, 54 F.3d 596, 597 (9th Cir.1995) (quoting *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)). Appeals of a sentence reduction pursuant to Rule 35(b) are controlled exclusively by 18 U.S.C. § 3742. *Id.* at 599(holding that "the exclusive avenue of appeal of rulings on Rule 35(b) motions is 18 U.S.C. § 3742").

Under § 3742, a prospective appellant must establish that the sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or,

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

■ Because Pedroza is appealing the district court's ruling on a Rule 35 motion, this Court may assert jurisdiction only if his appeal satisfies one of § 3742's four criteria. Pedroza does not claim that his sentence was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the Guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) imposed for an offense that has no guideline or is plainly unreasonable. *See id.* Rather, Pedroza contends only that the district court abused its discretion by failing to reduce his offense level, and consequently his sentence, to a degree that he believes properly reflects the assistance he provided to the government.[1] Accordingly, Pedroza

---

1. Both Pedroza and the government confuse the quite distinct law regarding appealability and the standards of review for sentence reductions issued pursuant to Federal Rules of Criminal Procedure 35, with that of departures from the United States Sentencing Guidelines pursuant to Chapter Five, Part K "Departures." Appeals of the extent of a departure under Chapter 5 are authorized by

18 U.S.C. § 3742(a)(3), (b)(3), (e)(3) and (f)(2). *United States v. Sablan*, 114 F.3d 913 (9th Cir.1997) (en banc). We review a district court's departure decision, including the degree of departure, for abuse of discretion. *Id.* at 915–17; *see also Koon v. United States*, 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Because Pedroza's appeal challenges the extent of the district court's Rule 35 sen-

has failed to satisfy the requirements set forth in § 3742(a) and, under *Arishi,* 54 F.3d at 599, this Court lacks jurisdiction to review his appeal. We, therefore, dismiss Pedroza's appeal for lack of jurisdiction.

**DISMISSED.**

tence reduction, a challenge not specifically authorized by § 3742(a), we are bound to follow *United States v. Arishi. See Arishi,* 54 F.3d at 597–99.