**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Johnny AZZO, Defendant—Appellant.**

No. 03–50427.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Julie Werner–Simon, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Stephen M. Lathrop, Esq., Lathrop & Villa, Torrance, CA, for Defendant–Appellant.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Federal prisoner Johnny Azzo appeals the district court's judgment denying his

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

134

motions to substitute counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Azzo contends that the district court erred in denying his motions to substitute counsel on the basis of an irreconcilable conflict between him and his attorney, and that he thereby was denied his Sixth Amendment right to counsel. We consider the timeliness of Azzo's motions, the adequacy of the district court's inquiry, and the nature of the alleged conflict between Azzo and counsel, *see United States v. Smith,* 282 F.3d 758, 763–64 (9th Cir.2002), and we conclude that the district court properly exercised its discretion in denying Azzo's motions. *See id.*

To the extent that Azzo seeks· to challenge the government's refusal to file a motion pursuant to Fed.R.Crim.P. 35(b), we lack jurisdiction to review this claim because Azzo has failed to make a "substantial threshold showing" that the government's refusal was based on an unconstitutional motive. *See United States v. Arishi,* 54 F.3d 596, 597–98 (9th Cir.1995) (citation omitted).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.