UNITED STATES of America,
Plaintiff—Appellee,

v.

Wanis KOYOMEJIAN, aka David Cohen, David, Joseph Milano, Loco, Abu Hadid, Abu Simon and Joseph, Defendant—Appellant.

No. 02–50248.
D.C. No. CR–89–00189–CBM–01.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2005.*

Decided March 9, 2005.

Unsealed April 11, 2005.

Daniel A. Saunders, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Gretchen Fusilier, Carlsbad, CA, for Defendant—Appellant.

Before BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Wanis Koyomejian appeals from the district court's denial of his request for a further reduction of his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. We have jurisdiction

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

Koyomejian argues that his plea agreement required the government to file a Rule 35(b) motion if he cooperated, and that the government breached the agreement by failing to do so. The district court's denial of a motion to compel specific performance of a plea agreement is reviewed for an abuse of discretion. *United States v. Anthony*, 93 F.3d 614, 616 (9th Cir.1996). There is a conflict "about the standard of review—clear error or de novo—for determining whether the government has breached a plea agreement." *United States v. Quach*, 302 F.3d 1096, 1100 (9th Cir.2002) (collecting cases and recognizing conflict).

■ Under either a de novo or clear error standard of review, the district court did not err in finding that the government did not breach the plea agreement. The plea agreement stated that "[n]othing in this agreement requires the government to accept any cooperation or assistance that [Koyomejian] may choose to proffer. The decision whether and how to use any information and/or cooperation that [Koyomejian] provide[s], if at all, is in the exclusive, reasonable discretion of [the government]." The plea agreement further stated that "any decision to move for a reduction of [Koyomejian's] sentence is within the exclusive, reasonable discretion of [the government]." This clear and unambiguous language gave the government complete discretion to determine whether to file a Rule 35(b) motion and did not obligate the government to file such a motion even if it accepted cooperation from Koyomejian. Therefore, the government did not breach the plea agreement by not filing another Rule 35(b) motion.

Koyomejian argues that the government's decision to not file another Rule 35(b) motion was arbitrary or in bad faith.

The district court's finding regarding the government's reason for not filing a substantial assistance motion is reviewed for clear error. *See United States v. Murphy*, 65 F.3d 758, 762 (9th Cir.1995).

Upon the government's motion, Rule 35(b) allows the district court to reduce a defendant's sentence after the original sentence has been imposed due to substantial assistance provided to the government in the investigation or prosecution of others. Due to the similarity between Rule 35(b) and its pre-sentencing counterpart, United States Sentencing Guideline § 5K1.1, case law applying and interpreting § 5K1.1 is applicable to Rule 35(b) motions. *See United States v. Arishi*, 54 F.3d 596, 597–98 (9th Cir.1995).

While the government has discretion to determine whether to file a Rule 35(b) motion, the government cannot refuse to file a Rule 35(b) motion on the basis of an unconstitutional motive, arbitrarily, or in bad faith. *Murphy*, 65 F.3d at 762 (citations omitted); *see also United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir.2003). If the district court determines that the government refused to file a motion on the basis of an unconstitutional motive, arbitrarily, or in bad faith, the district court can reduce the defendant's sentence. *Murphy*, 65 F.3d at 762. .

■ After reviewing the evidence in the record, we conclude that the district court did not clearly err in finding that Koyomejian did not provide substantial assistance to the government, and in finding that the government's decision to not file another Rule 35(b) motion was made in good faith based on its rational assessment of the information provided.

**AFFIRMED.**