NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10192 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00723-DKW-1 |
| v. | |
| BRYANT KAZUYOSHI IWAI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 7, 2020**
Honolulu, Hawaii

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Bryant Kazuyoshi Iwai appeals from the district court's order denying as

untimely the government's Federal Rule of Criminal Procedure 35(b) motion to

reduce his sentence.  As the parties are familiar with the facts, we do not recount

them here.  We dismiss for lack of appellate jurisdiction.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

"[T]he exclusive avenue [to] appeal . . . rulings on Rule 35(b) motions is 18 U.S.C. § 3742." *United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995). Section 3742(a) provides that:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; . . .
> (3) is greater than the sentence specified in the applicable guideline range . . . ; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

Iwai has not shown that any of § 3742(a)'s four criteria apply here. *See United States v. Pedroza*, 355 F.3d 1189, 1190-91 (9th Cir. 2004) (per curiam). The latter three criteria clearly do not apply. For the first criteria, Iwai has not shown that the district court's denial of the Rule 35(b) motion as untimely was a "violation of law." 18 U.S.C. § 3742(a)(1). Nor has Iwai shown that the government's failure to file a timely Rule 35(b) motion was based on an unconstitutional motive. *See Arishi*, 54 F.3d at 597-98 (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)).

Iwai has provided no evidence that the government entered into, let alone breached, an agreement to file a Rule 35(b) motion. As a result, his reliance on *United States v. Hernandez*, 34 F.3d 998, 1000 (11th Cir. 1994) (per curiam), and

*United States v. Pinter*, 971 F.2d 554, 557-58 (10th Cir. 1992) (per curiam), is misplaced.

We lack jurisdiction over this appeal because Iwai has failed to satisfy any of the criteria in § 3742(a). *See Pedroza*, 355 F.3d at 1190-91; *Arishi*, 54 F.3d at 599. However, we are disappointed by the government's actions in this case, and expect that it will avoid similar mistakes in the future.

**DISMISSED**.