**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Bernal CHAVARRIA–HERRARA,**
**Defendant–Appellee.**

No. 93–3186.

United States Court of Appeals,
Eleventh Circuit.

March 9, 1994.

1034

Joseph K. Ruddy, Asst. U.S. Atty., Tampa, FL, for plaintiff-appellant.

Robert P. Polli, Tampa, FL, for defendant-appellee.

Before HATCHETT, and ANDERSON, Circuit Judges, and YOUNG *, Senior District Judge.

ANDERSON, Circuit Judge:

In this case we consider whether the district court has the authority to reduce a defendant's sentence below the mandatory minimum where the government makes a motion for reduction of sentence based on substantial assistance under Fed.R.Crim.P. 35(b) and U.S.S.G. § 5K1.1. We also consider whether the district court may rely on factors other than the substantial assistance of the defendant in determining the amount of the sentence reduction and whether the government may appeal the sentence reduction. After determining that the government may appeal the district court decision, we hold that the district court may reduce the sentence below the mandatory minimum under Rule 35(b), but that the court may not rely on factors other than the substantial assistance of the defendant.

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting

## I. FACTS AND PROCEEDINGS BELOW

On February 12, 1991, the defendant was convicted in a non-jury trial of the following offenses: conspiring to import five kilograms or more of cocaine in violation of 21 U.S.C. § 963; conspiring to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846; and conducting or attempting to conduct a financial transaction with the intent to promote the importation and distribution of cocaine in violation of 18 U.S.C. § 1956(a)(3)(A). On May 8, 1991, the district court sentenced the defendant to 240 months of incarceration. On May 8, 1992 the government filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b) and U.S.S.G. § 5K1.1, based on the substantial assistance of the defendant. This motion set out the defendant's assistance to the government and recommended a two level reduction of the defendant's sentence to level 36, criminal history category I, which is a sentence of 188–235 month's imprisonment. The defendant submitted his own version of his assistance to the government.

On July 24, 1992, the district court held an in camera hearing to consider the government's motion for substantial assistance. After hearing argument from the parties, the court granted the government's motion and reduced the defendant's sentence to time served, which at that point was about 26 months. The government appealed the reduction of defendant's sentence. This court then granted an emergency stay of the release of the defendant pending this appeal. The government argues that the amount of the reduction was unreasonable and that any departure below the mandatory minimum sentence is unauthorized.

## II. DISCUSSION

A. *Jurisdiction and the Right of the Government to Appeal*

First, we determine that 18 U.S.C. § 3742 confers jurisdiction upon this court to

by designation.

hear this appeal, and that the government may appeal the district court ruling pursuant to § 3742(b).[1] Section 3742 establishes "a limited practice of appellate review of sentences in the Federal criminal justice system." S.Rep. No. 225, 98th Cong., 2d Sess. 149 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3332. We have held that § 3742 confers jurisdiction on this court to consider appeals of sentences resulting from rulings on government motions made under Fed. R.Crim.P. 35(b).[2] *U.S. v. Yesil,* 991 F.2d 1527, 1531, n. 4 (11th Cir.1991). *Yesil* involved a defendant's appeal (i.e., defendant Deppe), pursuant to § 3742(a)(1), of a ruling on a Rule 35(b) motion. The symmetrical structure of § 3742 indicates that Congress intended appellate review of sentences to be available to the government on the same terms as to defendants. The legislative history confirms this symmetry. S.Rep. No. 225, 98th Cong., 2d Sess. 150 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3333 (Section 3742 was enacted so that appellate review would be "available equally to the defendant and the government."). Accordingly, we now

hold that § 3742(b) allows the government to appeal a Rule 35(b) determination and confers appellate jurisdiction on this court, when that determination results in a sentence that satisfies one of the criteria for appeal set out in § 3742.

Although finding appellate jurisdiction of a defendant's appeal under 28 U.S.C. § 1291, the First Circuit, noting its disagreement with *Yesil,* held that rulings on Rule 35(b) motions are not appealable pursuant to § 3742. *U.S. v. McAndrews,* 12 F.3d 273, 277 (1st Cir.1993). The only reason given by the *McAndrews* panel was that an order resolving a Rule 35(b) motion "is not, properly speaking, a sentence." *Id.* We find this reasoning unpersuasive. Section 3742 allows for the appeal of an "otherwise final sentence." In ruling upon a Rule 35(b) motion, the district court will either reduce the sentence that was previously imposed or leave it undisturbed. Once that ruling is made, the remaining sanction upon the defendant falls within the common sense meaning of "an otherwise final sentence." The government

---

1. Section 3742(a) allows the defendant and § 3742(b) allows the government to appeal sentences in certain circumstances. These provisions state in relevant part:

> (a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
> (3) is greater than the sentence specified in the applicable range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
> (b) Appeal by the Government.—The Government, may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
> (3) is less than the sentence specified in the applicable range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the mini-

mum established in the guideline range, or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

2. Fed.R.Crim.P. 35(b) allows the district court to reduce a defendant's sentence upon a motion of the government. It states:

> (b) Reduction of Sentence for Changed Circumstances. The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence.

may appeal that remaining sentence if it satisfies one of the four criteria set out in § 3742(b). We have noted before that a modification of a sentence is part of the sentencing process. *United States v. Dean*, 752 F.2d 535, 540 (11th Cir.1985). Moreover, we believe our interpretation better comports with the Congressional intent that appeals of sentences be based on the § 3742 criteria and that there be symmetry between appeals by a defendant and appeals by the government.[3]

The defendant also argues that the use of the word "imposed" in three of the four instances which trigger the right to appeal under § 3742 limits the right to appeal to the original imposition of sentence. We disagree. The sentence that is ordered by a sentencing court in ruling on a Rule 35 motion readily falls within the meaning of the concept of imposition of sentence, especially in light of the express statutory provision contemplating appeal of an "otherwise final sentence." Moreover, the term "imposed" is not used in the third instance which triggers a right of appeal. 18 U.S.C. § 3742(a)(3) and (b)(3). Neither the statutory language nor the structure of the statute nor common sense [4] suggests that Congress intended to allow appeal of a Rule 35 order in the third instance, but not in the others. Finally, the legislative history indicates that Congress intended appeals of Rule 35 orders pursuant to the § 3742 provisions. *See* S.Rep. No. 225, 98th Cong.2d Sess. 158 (1983), reprinted in 1984 U.S.S.C.A.N. 3182, 3341 (indicating that Congress amended Rule 35(b) specifically "to

accord with the provisions of proposed section 3742 of title 18 concerning appellate review of sentence").[5]

For the foregoing reasons, we conclude that the district court's ruling on the Rule 35(b) motion may be appealed by the government pursuant to § 3742.

B. *Reduction Below the Mandatory Minimum*

■ Having determined that we have jurisdiction, we now review the judgment of the district court. The application of law to sentencing issues is subject to de novo review. *United States v. Robinson*, 935 F.2d 201, 203 (11th Cir.1991).

■ The government made its motion under Fed.R.Crim.P. 35(b). Rule 35(b) explicitly empowers the district court to reduce sentences "to a level below that established by statute as a minimum sentence." Therefore, the district court may lower the sentence below the mandatory minimum. Although this sounds simple enough, the government argues that its simultaneous motion for reduction under U.S.S.G. § 5K1.1 nullifies the district court's power to reduce the sentence below the mandatory minimum. In defense of this position, the government seeks to embroil this court in a disagreement among the circuits over the ability of district courts to depart below the mandatory minimum pursuant to motions made by the government solely under § 5K1.1.[6] We need not consider this argument because the motion in this case was clearly made pursuant to Rule

---

3. If Rule 35 rulings were appealable only pursuant to 28 U.S.C. § 1291, as *McAndrews* indicates, then there would be appellate jurisdiction of a defendant's appeal, but not of an appeal by the government. *See Dean*, 752 F.2d at 540.

4. For example, it makes no sense to suggest that Congress contemplated an appeal when the original sentence was imposed in violation of law, § 3742(a)(1) and (b)(1), but not when an illegal sentence was ordered in Rule 35 proceedings.

5. The amendments to Rule 35(b) and the enactment of § 3742, were included as part of the Crime Control Act of 1984, also known as the Sentencing Reform Act.

6. The Eighth Circuit has held, in *United States v. Rodriguez–Morales*, 958 F.2d 1441, 1444 (8th Cir. 1992), that a district court may not lower a

sentence below the mandatory minimum where the government makes a motion for a substantial assistance reduction, but specifies that the motion is made under U.S.S.G. § 5K1.1 and not 18 U.S.C. § 3553(e). Every other circuit that has considered the same question has held that the district court could lower a sentence based on a motion made solely pursuant to § 5K1.1. *See United States v. Beckett*, 996 F.2d 70, 74 (5th Cir.1993); *United States v. Cheng Ah–Kai*, 951 F.2d 490, 492 (2nd Cir.1991); *United States v. Keene*, 933 F.2d 711, 715 (9th Cir.1991). We need not in this case address this conflict among the circuits, because in this case the authority to reduce the sentence below the mandatory minimum derives from Rule 35(b) and need not rely upon § 5k1.1.

35(b) also, and not solely pursuant to § 5K1.1. Rule 35(b) clearly and expressly authorizes the court to reduce a sentence below the statutory minimum: "[t]he court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a level below that established by statute as a minimum sentence."

Thus, we conclude that Rule 35(b) gives the district court the authority to impose a sentence below the mandatory minimum after the government makes a motion for substantial assistance under Rule 35(b).

### C. Consideration of Factors other Than Substantial Assistance

 The district court reduced the defendant's sentence from 200 months to time served, which at the time of the initial reduction was about 26 months. The transcript of the Rule 35(b) hearing clearly indicates that the district court relied on factors other than the assistance of the defendant to the government in the investigation or prosecution of another person. For example, the court relied upon the defendant's status as a first time offender, his lack of knowledge of the conspiracy until just prior to arrest, his relative culpability, and his prison behavior. We have stated, in dictum, that the district court may reduce a sentence under Rule 35(b) "only to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person." *United States v. Valle* 929 F.2d 629, 633 n. 4 (11th Cir.1991). We agree with the *Valle* panel, and hold accordingly. The plain language of Rule 35(b) indicates that the reduction shall reflect the assistance of the defendant; it does not mention any other factor that may be considered.

### III. CONCLUSION

Since the district court relied on factors other than the substantial assistance of the defendant, we determine that the reduced sentence was imposed in violation of law, and, pursuant to 18 U.S.C. § 3742(f)(1), vacate the sentence and remand the case to the district court for further sentencing proceedings not inconsistent with this opinion.[7]

VACATED and REMANDED.

---

7. Since we have determined that the sentence was imposed in violation of law under § 3742(e)(1), we need not consider the reasonableness of the reduction pursuant to § 3742(e)(3)(A). However, we note that a reduction under Rule 35(b) must accurately reflect the assistance of the defendant, and be made "in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code."