UNITED STATES of America,
Plaintiff–Appellee,

v.

James RUEDA, Peter Rueda,
Defendants–Appellants.

No. 92–3310
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 4, 1994.

Marcia J. Silvers, Miami, FL, for defendants-appellants.

Cynthia Hawkins, Asst. U.S. Atty., U.S. Attorney's Office, Orlando, FL, Tamra Phipps, Asst. U.S. Atty., U.S. Attorney's Office, Tampa, FL, for plaintiff-appellee.

Before TJOFLAT, Chief Judge,
ANDERSON, and BLACK, Circuit Judges.

TJOFLAT, Chief Judge:

In this criminal case, the Government twice moved the district court, pursuant to Fed.R.Crim.P. 35(b), to reduce appellants' sentences because of appellants' extensive cooperation with the Government in several criminal investigations. (Appellants previously had pled guilty, and had been sentenced, pursuant to a plea agreement that required them to cooperate with the Government and required the Government, in turn, to advise the court of such cooperation.) The district court—without holding an evidentiary hearing—granted the first motion and reduced defendants' sentences by *five weeks;* defendants' motion to reconsider was summarily denied. On the second motion, defendants specifically requested an opportunity to present to the court the facts constituting appellants' cooperation. The district court, again without holding an evidentiary hearing, summarily denied the Rule 35(b) motion.

Appellants now appeal, contending that the district court's action amounted to an abuse of discretion. In its answer brief, the Government agrees: "The district court's refusal to entertain the full facts of the defendants' cooperation operated to deny them the full benefits of their Plea Agreements and constituted a gross abuse of discretion."

We fully agree, *see United States v. Yesil,* 991 F.2d 1527 (11th Cir.1992). Appellants have proffered facts amply warranting an evidentiary hearing.

We VACATE the judgment of the district court and REMAND for an evidentiary hearing.