**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Manuel HERNANDEZ, Defendant–
Appellant.**

No. 93–5033
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 6, 1994.

Michael Blacker, P.A., Coconut Grove, FL, for appellant.

Michael Mullaney, Asst. U.S. Atty., Miami, FL, for appellee.

Before KRAVITCH, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Manuel Hernandez appeals the district court's refusal to grant an evidentiary hearing on the government's motion to reduce his sentence pursuant to Fed. R.Crim.P. 35. Hernandez pled guilty to drug crimes. As part of his plea agreement, he promised to assist the government by providing information concerning criminal activity. In turn, the government agreed to "fully advise the Court ... at the time of any motion made by the defendant pursuant to Fed.R.Crim.P. 35 of the nature and extent" of Hernandez's cooperation. Further, the government agreed that if, in its discretion, it determined that Hernandez's post-sentence cooperation warranted an additional reduction in his sentence, the government would advise the court of his assistance, presumably through a Rule 35 motion.[1] The district court reviewed and accepted the plea agreement.

Hernandez filed a Rule 35 motion and requested an evidentiary hearing. The government did not respond to this motion. The district court denied Hernandez's motion, as well as a subsequent motion for reconsideration. The government then filed a Rule 35 motion and a request for a hearing on Hernandez's assistance subsequent to his sen-

---

1. Hernandez was sentenced for crimes committed prior to November 1, 1987. His case is therefore governed by both the new and the prior version of Rule 35. *United States v. Weaver*, 884 F.2d 549, 550 (11th Cir.1989).

tence. The motion, which for security reasons did not detail Hernandez's cooperation,[2] was denied as was the government's motion for reconsideration. Hernandez appeals the denial of the government's motion.

◼ We have jurisdiction to hear this appeal pursuant to 18 U.S.C. § 3742(a)(1).[3] *United States v. Chavarria–Herrara,* 15 F.3d 1033, 1035 (11th Cir.1994); *United States v. Yesil,* 991 F.2d 1527, 1531 n. 4 (11th Cir. 1992). We do not review the district court's denial of the Rule 35 motion, but address only whether the effect of the ruling denying the hearing caused a violation of the plea agreement.[4] *Yesil,* 991 F.2d at 1531. Further, we previously have recognized that in the context of the denial of a Rule 35 motion, a defendant may appeal the denial of a motion made by the government when the district court's ruling implicates the plea agreement. *See United States v. Rueda,* 19 F.3d 3 (11th Cir.1994). We allow such appeals to make the terms of the plea agreement fully enforceable. Although under the new version of Rule 35 only the government may request a reduction in a defendant's sentence, if the motion is made pursuant to a plea agreement, the rights of the defendant are implicated by the district court's refusal to hear evidence of a defendant's substantial assistance. If the defendant were not permitted to appeal, he or she would be effectively without recourse to enforce a breached plea agreement.

◼ In this case, the plea agreement explicitly required only that the government make Hernandez's cooperation known to the district court in the event of a Rule 35 motion made by Hernandez. It also required, however, that if in the judgment of the government Hernandez's cooperation warranted a further reduction in sentence, it would so advise the court. Although the government did not explicitly pledge to file a Rule 35 motion, that promise must be implied because such a motion provides the only means by which Hernandez's sentence could be reduced. The government concedes that implicit in the agreement is the government's obligation to file a Rule 35 motion in the event that the government deemed Hernandez's cooperation subsequent to sentencing to be substantial. This interpretation is supported by the district court's review of the plea agreement with Hernandez. The court instructed Hernandez that the agreement "put the matter pretty much if not exclusively in the hands of the U.S. Attorney as to whether or not whatever cooperation you furnish will do you any good as far as getting your sentence reduced after it is imposed." This indicates that the district court read the plea agreement to require the government to file a Rule 35 motion in the event that it deemed Hernandez's cooperation substantial. We find that the plea agreement contained such an implicit promise.[5]

2. Although the government did not explicitly request an *in camera* hearing at that time, the government contends that the history of this case, in which many of the proceedings have been sealed, made evident the need for an *in camera* hearing. The government's failure to request an *in camera* hearing has no bearing on our resolution of this case.

3. There is a disagreement between our court and the First Circuit on whether Rule 35 motions are appealable pursuant to 18 U.S.C. § 3742 or 28 U.S.C. § 1291. *Compare Chavarria–Herrara,* 15 F.3d 1033, 1035–36 (11th Cir.1994) *with United States v. McAndrews,* 12 F.3d 273, 277 (1st Cir. 1993). This debate may be unnecessary. 18 U.S.C. § 3742 provides for appeals of sentences if the sentence was imposed in violation of law, was imposed as a result of an incorrect application of the guidelines, goes beyond the bounds allowed by the guidelines, or was imposed for a crime for which there is no guideline and is plainly unreasonable. 28 U.S.C. § 1291 gives

appellate courts jurisdiction over all final decisions of district courts. While 28 U.S.C. § 1291 appears to define appellate jurisdiction, 18 U.S.C. § 3742 seems to define the subject matter jurisdiction of the appellate courts. Thus, jurisdiction may lie under both statutes.

4. In some circumstances, not relevant to this action, the substance of a district court's ruling on a Rule 35 motion may be reviewed. *See United States v. Chavarria–Herrara,* 15 F.3d at 1037.

5. Although there is no specific requirement in the agreement that the government fully inform the court of Hernandez's cooperation when filing a Rule 35 motion, such a requirement is also implicit in the promise to file a Rule 35 motion. Assistance to the government is the only ground upon which a Rule 35 motion may be granted. *See United States v. Chavarria–Herrara,* 15 F.3d at 1037. If the court was not informed of Hernandez's cooperation, the requirement that a Rule 35 motion be filed would be meaningless.

■ In this case, the government's position is that Hernandez's assistance subsequent to his sentence merits further reduction in his sentence. In refusing to have an evidentiary hearing, the district court effectively prevented the government from presenting its Rule 35 motion.[6] Thus, we conclude that the district court's refusal to grant the government's request for an evidentiary hearing forced a breach of the plea agreement. Accordingly we VACATE the judgment of the district court and REMAND this case for an evidentiary hearing.

---

**6.** We emphasize that our case law in this area stems from the breach of a plea agreement and does not independently create a requirement that a district court always hold an evidentiary hearing when the government requests a hearing as part of a Rule 35 motion. If the district court accepts a plea agreement in which the government has agreed to file a motion, however, even if that requirement is contingent on the defendant's cooperation, the district court cannot frustrate that agreement. In some instances a written motion outlining the defendant's cooperation may suffice to satisfy the plea agreement.