**UNITED STATES of America, Appellee,**

v.

**Ann JENKINS, Appellant.**

**No. 96–1944.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 27, 1996.

Decided Jan. 27, 1997.

John Wesley Hall, Jr., Little Rock, AR, argued, for Appellant.

Robert Joseph Govar, Little Rock, AR, argued, for Appellee.

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

PER CURIAM.

Ann Marie Jenkins pleaded guilty to a cocaine distribution conspiracy offense. In April 1995, the district court[1] sentenced her to sixty months in prison and ordered her to surrender to begin her sentence in October. In November 1995, because of the prospect that Jenkins's on-going cooperation would result in a government motion to reduce her sentence, see Fed.R.Crim.P. 35(b), the court further delayed her surrender date to February 1996. When no government motion was filed in February, Jenkins filed a motion to set aside the order to surrender, and to set aside her guilty plea or enforce a plea agreement. Jenkins appeals the district court's denial of that motion.

On appeal, Jenkins argues that the government breached an unwritten promise to file a Rule 35(b) motion if she cooperated,

that she pleaded guilty in reliance on that promise, and therefore that the district court erred in not conducting a hearing on her motion to withdraw or enforce the plea. After careful review of Jenkins's submission to the district court, we conclude that the court did not abuse its discretion in denying a post-judgment motion to set aside her guilty plea or enforce an alleged oral understanding that the government would accept her cooperation and file a Rule 35(b) motion to reduce her sentence. Thus, we affirm.

Jenkins's motion was primarily a twelfth-hour attempt to further delay her surrender date. We express no view as to whether any of Jenkins's fact assertions, if properly supported, might entitle her to relief under 28 U.S.C. § 2255. Although only the government may file a Rule 35(b) motion for reduction in sentence based upon post-judgment substantial assistance, a plea agreement *promise* to file such a motion is enforceable. See United States v. Hernandez, 34 F.3d 998, 1000 (11th Cir.1994); Bischel v. United States, 32 F.3d 259, 264 (7th Cir.1994).

1. The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.