_____

No. 96-1944
_____

United States of America,      *
                               *
          Appellee,            *
                               *  Appeal from the United States
     v.                        *  District Court for the
                               *  Eastern District of Arkansas.
Ann Jenkins,                   *
                               *       **[PUBLISHED]**
          Appellant.           *
_____

          Submitted:  December 27, 1996

          Filed:  January 27, 1997
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
_____

PER CURIAM.

     Ann Marie Jenkins pleaded guilty to a cocaine distribution conspiracy
offense.  In April 1995, the district court[1] sentenced her to sixty months
in prison and ordered her to surrender to begin her sentence in October.
In November 1995, because of the prospect that Jenkins's on-going
cooperation would result in a government motion to reduce her sentence, see
Fed. R. Crim. P. 35(b), the court further delayed her surrender date to
February 1996.  When no government motion was filed in February, Jenkins
filed a motion to set aside the order to surrender, and to set aside her
guilty plea or enforce a plea agreement.  Jenkins appeals the district
court's denial of that motion.

_____

     [1]The HONORABLE HENRY WOODS, United States District Judge for
the Eastern District of Arkansas.

On appeal, Jenkins argues that the government breached an unwritten promise to file a Rule 35(b) motion if she cooperated, that she pleaded guilty in reliance on that promise, and therefore that the district court erred in not conducting a hearing on her motion to withdraw or enforce the plea. After careful review of Jenkins's submission to the district court, we conclude that the court did not abuse its discretion in denying a post-judgment motion to set aside her guilty plea or enforce an alleged oral understanding that the government would accept her cooperation and file a Rule 35(b) motion to reduce her sentence. Thus, we affirm.

Jenkins's motion was primarily a twelfth-hour attempt to further delay her surrender date. We express no view as to whether any of Jenkins's fact assertions, if properly supported, might entitle her to relief under 28 U.S.C. § 2255. Although only the government may file a Rule 35(b) motion for reduction in sentence based upon post-judgment substantial assistance, a plea agreement *promise* to file such a motion is enforceable. See United States v. Hernandez, 34 F.3d 998, 1000 (11th Cir. 1994); Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-