**UNITED STATES of America**

v.

**Benigno DUARTE–PENALOZA,**

No. 2:99–CR–36–01.

United States District Court,
N.D. Georgia,
Gainesville Division.

April 30, 2002.

H. Allen Moye, Office of the United States Attorney, Atlanta, GA, for Plaintiff.

Hector Raul Cora, Speckhals & Cora, Atlanta, GA, for Defendant.

## *ORDER*

O'KELLEY, Senior District Judge.

The captioned case is before the court for consideration of the government's *nunc pro tunc* motion to reduce defendant's sentence [86–1] and defendant's motion in support thereof [87–1], pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. *See* Fed.R.Crim.P. 35(b).

### Background

As part of an April 4, 2000 plea agreement, defendant pleaded guilty to one count of conspiring to possess with the intent to distribute controlled substances, in violation of 18 U.S.C. § 841 and § 846 [75–1]. Further, defendant promised to provide the government with information concerning illegal drug trafficking activity, information that assisted the government in investigating and prosecuting several criminal cases in the United States District Court for the Northern District of Georgia. In exchange, the government agreed to file a motion for a downward departure from the applicable guideline range and any statutorily-mandated minimum sentence, pursuant to § 5K1.1 of the United States Sentencing Guidelines, *see* U.S.S.G. § 5K1.1, "if, in the sole discretion of the United States, [defendant] ... provided substantial assistance in the investigation and prosecution of another individual ...." [Plea Agreement ¶ 3(c)(4)]. Further, the government agreed to file a motion for a reduction of sentence, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, *see* Fed.R.Crim.P. 35(b), "[i]f [defendant], after the date of sentence, continue[d] to provide substantial assistance ...." [Plea Agreement ¶ 3(d)].

Although the government rewarded defendant's cooperation by filing a motion for a § 5K1.1 departure at sentencing, the government inadvertently missed the one year filing deadline applicable to Rule 35(b) motions. In light of defendant's "substantial cooperation," and in accordance with its earlier agreement, the government thus filed the instant request to file a Rule 35(b) motion *nunc pro tunc* to October 5, 2001, within one year of defendant's October 6, 2000 sentencing [86–1].

### Discussion

Rule 35(b) provides that, "[i]f the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person ...." Fed.R.Crim.P. 35(b). To the extent that "the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed," Rule 35(b) authorizes courts to consider motions for reduction filed more than one year

after the sentence is imposed. Fed. R.Crim.P. 35(b).

 Under the law of the Eleventh Circuit, this one year deadline is jurisdictional; the district court is powerless to adjudicate the merits of an untimely Rule 35(b) motion. *See United States v. Orozco,* 160 F.3d 1309, 1314–15 (11th Cir.1998). Yet, Rule 35(b)'s inflexible limitations period must be applied in a manner that is consistent with the Due Process Clause of the United States Constitution. Specifically, several federal decisions indicate that the government's failure to satisfy the conditions of a plea agreement, particularly its promise to file a timely Rule 35(b) motion, deprives the defendant of the benefit of the bargain into which he entered, in violation of his due process rights. *See, e.g., United States v. Hernandez,* 34 F.3d 998, 1000–01 (11th Cir.1994); *United States v. Yesil,* 991 F.2d 1527, 1532–33 (11th Cir. 1992); *United States v. Martin,* 25 F.3d 211, 216 (4th Cir.1994). Further, the Eleventh Circuit has opined that "[r]elief in these instances may come in the form of specific performance of the plea agreement or in the opportunity to withdraw the guilty plea." *United States v. Yesil,* 991 F.2d at 1533.

 In this case, defendant provided the government with substantial assistance within one year of his sentencing, and he continues to provide law enforcement authorities with crucial information. Apparently, the government cannot invoke the limited exception to the one year time limit because defendant possessed the relevant information prior to his October 6, 2000 sentencing. Yet, compliance with the one year deadline would divest this court of jurisdiction over the instant motion and force the government to breach its agreement with defendant.

Ordinarily, the government would have filed a "protective" or "anticipatory" Rule 35(b) motion to preserve defendant's rights prior to the expiration of the one year period. Permitting the government to file the instant motion *nunc pro tunc* to October 5, 2001 would thus satisfy that function, enable the government to avoid breaching its agreement with defendant and, more importantly, allow this court to retain jurisdiction over the motion. By contrast, denying the instant request would surely precipitate a motion pursuant to 28 U.S.C. § 2255 through which defendant would likely be entitled to the relief he seeks here [87–1]. Given these considerations, and in the interests of judicial economy and efficiency, the instant motions are hereby **GRANTED** [86–1; 87–1].

### Conclusion

For the foregoing reasons, the government's motion to file a Rule 35(b) motion *nunc pro tunc* to October 5, 2001 [86–1], and defendant's motion in support thereof [87–1], are hereby **GRANTED**. Accordingly, it is hereby **ORDERED** that the government's Rule 35(b) motion [86–1] be treated as if filed with the clerk's office on October 5, 2001. Finally, to resolve the government's Rule 35(b) motion, the attorneys for the parties are hereby **ORDERED** to appear for a conference in the Third Floor Chambers on **MONDAY, MAY 6, 2002 at 11:30 A.M.**, United States Courthouse, 121 Spring Street, Gainesville, Georgia 30501