[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15417
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00378-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN JAIRO GALLEGO-VALENCIA,
a.k.a. Joda,
a.k.a. Frederico,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 7, 2013)

Before BARKETT, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

John Gallego-Valencia appeals the district court's grant of the government's

Fed. R. Crim. P. 35(b) motion reducing his 168-month sentence of imprisonment

to a sentence of 135 months' imprisonment. His original sentence was imposed after he pled guilty to conspiring to manufacture and distribute cocaine with intent to import it into the United States. As part of his plea agreement, Gallego-Valencia agreed to cooperate with the government, who, in turn, promised to advise the district court of the full extent of his cooperation. Accordingly, about two years after Gallego-Valencia was originally sentenced, the government filed its Rule 35(b) motion, explaining that he had been ready and willing to testify against another individual, Luis Urrego-Contreras, who later pled guilty before trial. The district court granted the government's motion on the same day it was filed, after determining that it did not require any response from Gallego-Valencia or an evidentiary hearing.

On appeal, Gallego-Valencia argues that the district court erred by failing to afford him an opportunity to respond to the government's Rule 35(b) motion, and abused its discretion by failing to conduct an evidentiary hearing. He requests that we remand the proceedings with instructions to reassign them to a different district court judge.

We review *de novo* the application of law to sentencing issues, as well as the district court's interpretation of the Federal Rules of Criminal Procedure. *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*); *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996). We review the district court's refusal

2

to grant an evidentiary hearing for an abuse of discretion.  *See United States v. Yesil*, 991 F.2d 1527, 1531 (11th Cir. 1992).

A federal court may not modify a term of imprisonment once it is imposed unless, among other things, a modification is expressly permitted by Rule 35.  18 U.S.C. § 3582(c)(1)(B).  Under Rule 35(b), the district court may reduce a sentence pursuant to a motion from the government if, after sentencing, the defendant provided substantial assistance in investigating or prosecuting another person.  Fed. R. Crim. P. 35(b)(1).

Although the district court granted the government's Rule 35(b) motion, Gallego-Valencia argues that by doing so without hearing from him, the district court unfairly deprived him of a meaningful opportunity to ensure that it was aware of <u>all</u> aspects of his post-sentencing cooperation.  He argues that his plea agreement required the government to advise the district court of his cooperation, but that the government's Rule 35(b) motion did not fully inform the district court of all that he did.  The government's motion stated only that "the defendant has continued to assist law enforcement, which assistance, the government views as substantial assistance.  Specifically, the defendant was prepared to testify at the trial of *United States v. Luis Urrego-Contreras*, and was transported to the Middle District of Florida; however, Urrego-Contreras pled guilty before trial." Gallego-Valencia contends that, had he been afforded an opportunity to respond, he would

3

have advised the district court that the government apprehended Urrego-Contreras through his cooperation, Urrego-Contreras pled guilty as a direct result of his willingness to testify, he furnished information regarding a substantial New York matter, and that he and his family risked danger and injury due to his cooperation.

We find that our circuit decisions in *Yesil* and *United States v. Hernandez*, 34 F.3d 998 (11th Cir. 1994), support the conclusion that the district court erred by failing to afford Gallego-Valencia an opportunity to respond to the government's Rule 35(b) motion.

In *Yesil*, the government and two defendants filed a joint Rule 35(b) motion that provided incomplete details and cursory evidence of the defendants' cooperation, and, due to the sensitive nature of the ongoing investigation, requested an *in camera* evidentiary hearing in order to more fully describe the defendants' cooperation.  991 F.2d at 1529–30.[1]  The district court summarily denied the motion without an evidentiary hearing.  *Id*. at 1530.   We held that the district court abused its discretion by refusing to conduct an evidentiary hearing, noting that the district court was obligated to accept the government's proffer

---

[1] The case involved a third defendant also, for whom the government filed a separate Rule 35(b) motion that provided some facts regarding the defendant's cooperation.  *Id*. at 1531. Like Gallego-Valencia here, the defendant requested a hearing in order to fully appraise the district court of his cooperation.  *Id*.  The district court summarily denied the defendant's motion for a hearing, but summarily granted the government's motion for a sentence reduction.  *Id*.  The court also summarily denied the parties' joint motion to reconsider, which stressed that the Rule 35(b) motion had not fully described the defendant's cooperation.  *Id*.

4

concerning the defendants' cooperation once it accepted the plea bargains that required the government to advise it of the nature and extent of the defendants' cooperation. *Id.* at 1532. In arriving at this determination, we noted that the plea bargain severely curtailed the district court's usual discretion, as it too was bound by the plea agreement, and that the defendants were entitled to relief once they were denied the benefits of their plea agreements. *Id.* We remanded for an evidentiary hearing before a different district court judge so that the government could present complete information regarding the nature and extent of the defendants' cooperation. *Id*. at 1533.

Similarly, in *Hernandez*, the government filed a Rule 35(b) motion, which did not detail the defendant's cooperation for security reasons, but instead, requested a hearing. 34 F.3d at 999–1000. The district court denied the government's Rule 35(b) motion, as well as the government's subsequent motion for reconsideration. *Id*. at 1000. We held that the district court's refusal to conduct an evidentiary hearing effectively prevented the government from presenting its Rule 35(b) motion, and thereby forced a breach of the defendant's plea agreement. *Id*. at 1001. We stressed that our decision stemmed from the breach of the plea agreement, and that district courts are not categorically required to grant every request for an evidentiary hearing. *Id*. at 1001 n.6. Rather, the

district court could not frustrate a plea agreement in which the government agreed to file a Rule 35(b) motion.  *Id.*

Here, because the government's Rule 35(b) motion appears to have incompletely conveyed the nature and extent of Gallego-Valencia's cooperation, we find that he was denied the benefits of his plea agreement when the district court ruled on the motion without hearing from him.  Accordingly, we vacate the district court's order, and remand for further proceedings.  On remand, Gallego-Valencia will have an opportunity to respond in writing to the government's Rule 35(b) motion, and may request an evidentiary hearing if he believes one is required.  We leave it to the district court's discretion whether to grant an evidentiary hearing should Gallego-Valencia request one as there is no categorical entitlement to an evidentiary hearing.  *See Hernandez*, 34 F.3d at 1001 n.6.[2]

Although Gallego-Valencia makes a conclusory argument that these proceedings should be transferred to another district court judge, he never provides any reasons why, in his case, we should conclude that the currently-assigned judge

---

[2] The government also argues that even if the district court erred in not allowing Gallego-Valencia an opportunity to respond, any such error was harmless.  The government points to the district court's statement in its Rule 35(b) order that under the circumstances, a sentence reduction of more than two levels would not have comported with the statutory purposes of sentencing.  But the "circumstances" before the district court were those provided by the government in its Rule 35(b) motion, which is exactly what Gallego-Valencia is challenging here as being insufficient and not presenting the full extent of his cooperation.  Thus, we cannot say any error was harmless as we simply do not know how the district court would have weighed the additional information that Gallego-Valencia argues he should have been permitted to present.

would have difficulty putting his previous views and findings aside or that

reassignment is appropriate to preserve the appearance of justice.  *See Yesil*, 991

F.2d at 1533 n.7.  Thus, we see no reason to order the transfer of these proceedings

upon remand.

**VACATED AND REMANDED.**