[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11675
Non-Argument Calendar

_____

D.C. Docket No. 1:93-cr-00571-UU-1


UNITED STATES OF AMERICA,

                                                           Plaintiff-Appellee,

versus

WAYNE ANDERSON,
a.k.a. Goldie,
a.k.a. G Man,
a.k.a. G,

                                                           Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 7, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Wayne Anderson appeals the district judge's order denying his motion to compel the government to file a motion for reduction of sentence, without an evidentiary hearing, pursuant to Federal Rule of Criminal Procedure 35(b).  We affirm.

## I. BACKGROUND

In 1994, Anderson was convicted of robbery and the use of a firearm during a crime of violence in the Eastern District of North Carolina.  He received a 300-month imprisonment sentence; in 1997, his sentence was reduced to 270 months, based on a substantial-assistance motion filed by the government.  That same year, Anderson and eight co-defendants were indicted in the Southern District of Florida for drug crimes, including unlawful use of a facility in interstate commerce, and maintaining a continuing criminal enterprise.  Anderson pled guilty to: (1) one count of conspiracy to manufacture and distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); (2) two counts of using an interstate-commerce facility to promote and facilitate cocaine distribution, in violation of 18 U.S.C. §§ 1952 and 2 (Counts 5 and 6); (3) four counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 11-14); and (4) one count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 17).  The government dismissed all remaining counts against Anderson after sentencing in accordance with the plea agreement.

2

As part of his plea agreement, Anderson agreed to provide truthful information and testimony about his and his co-defendants' involvement in the drug-trafficking conspiracy underlying his prosecution. In return, the government agreed it then would move under U.S.S.G. § 5K1.1 to reduce Anderson's sentence, if it determined Anderson's cooperation warranted such a motion. During Anderson's sentencing hearing, the government declined to file a § 5K1.1 motion, because of Anderson's lack of candor and incomplete cooperation. After awarding Anderson a 3-level reduction for acceptance of responsibility, the district judge sentenced Anderson to concurrent terms of life imprisonment for Counts 1, 11-14, and 17, and 60-month concurrent imprisonment terms for Counts 5 and 6.

This court affirmed on direct appeal, *United States v. Anderson*, 132 F.3d 45 (11th Cir. Nov. 25, 1997) (per curiam) (unpublished), and the Supreme Court denied certiorari, *Anderson v. United States*, 523 U.S. 1036 (1998). In 1999, Anderson filed a 28 U.S.C. § 2255 motion to vacate, which the district judge denied in 2000. A certificate of appealability also was denied.

In 1998, Anderson filed a habeas petition under 28 U.S.C. § 2255 in the Eastern District of North Carolina and alleged governmental misconduct claims pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Anderson's § 2255 petition voluntarily was withdrawn. In 2011, Anderson filed a pro se petition for writ of mandamus in the Southern

3

District of Florida and sought an order compelling the government to file a motion to reduce his sentence. He argued the government had refused to file a motion based on an unconstitutional motive. He further contended the government was retaliating for his allegations that the government had perjured testimony and withheld evidence that was favorable to him in his 1994 North Carolina prosecution. The district judge dismissed Anderson's petition. We dismissed Anderson's appeal from the district judge's order for failure to prosecute.

In March 2013, Anderson filed this pro se motion seeking to compel the government to file a Federal Rule of Criminal Procedure 35 motion to reduce his sentence or to allow him to withdraw his guilty plea. After he had filed claims against two government agents alleging *Brady* and *Giglio* violations, Anderson contended the government had retaliated by refusing to file a motion to reduce his sentence. Anderson asserted he voluntarily dismissed his claims against the agents, because the agents had agreed they then would help him obtain a sentence reduction. When Anderson asked the government to move to reduce his sentence, the government denied his request on the ground he falsely had accused two agents of misconduct. Anderson contends the government's refusal to move for a sentence reduction was based on an unconstitutional motive.

Without an evidentiary hearing, the district judge denied Anderson's motion to compel, found Anderson had no right to a substantial-assistance motion, and the

4

government had no clear duty to file the motion on his behalf. The judge further concluded Anderson had alleged no facts suggesting the government had acted with an unconstitutional motive. On appeal, Anderson argues the district judge abused her discretion, when she denied an evidentiary hearing on his motion to compel; he continues to assert the government's refusal to file a substantial-assistance motion was based on an unconstitutional motive.[1]

## II. DISCUSSION

We review de novo whether a district judge can compel the government to file a substantial-assistance motion. *See United States v. Forney*, 9 F.3d 1492, 1498 (11th Cir. 1993). A district judge's denial of an evidentiary hearing upon a defendant's Federal Rule of Criminal Procedure 35 motion is reviewed for abuse of discretion. *See United States v. Winfield*, 960 F.2d 970, 972 (11th Cir. 1992) (per curiam).

Upon a motion by the government stating the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime, a sentencing judge may depart from the Sentencing Guidelines under U.S.S.G. § 5K1.1. The judge also may consider a government motion to

---

[1] Anderson has failed to brief the argument regarding the district judge's implicit denial of his alternative request to withdraw his guilty plea; thus, he has abandoned this argument. *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006). Additionally, Anderson's claim the government modified his plea agreement during his sentencing hearing to require it to file a future Rule 35 motion is not properly before this court, because he did not raise it before the district judge and asserted it for the first time in his reply brief on appeal. *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (per curiam).

reduce a sentence made more than one year after the sentence was imposed, if the defendant's substantial assistance involved information (1) not previously known to the defendant, (2) not useful to the government until more than a year after the defendant's sentencing, or (3) the usefulness of which could not have been anticipated until more than one year after sentencing.  Fed. R. Crim. P. 35(b)(2). Both Rule 35 and § 5K1.1 grant the government the power, but not a duty, to file a substantial-assistance motion.  *See United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (per curiam) (addressing Rule 35); *Forney*, 9 F.3d at 1500 (addressing § 5K1.1).  Ordinarily, "courts are precluded from intruding into prosecutorial discretion."  *Forney*, 9 F.3d at 1501.  A district judge may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a substantial threshold showing that the refusal was based on an unconstitutional motive, such as the defendant's race or religion, or that the refusal was not rationally related to any legitimate government end.  *Wade v. United States*, 504 U.S. 181, 186 (1992); *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009).

Anderson has not made a substantial showing the government refused to file a substantial-assistance motion for a constitutionally impermissible reason.  *See Dorsey*, 554 F.3d at 961.  At Anderson's sentencing hearing, the government explained it did not file a motion, because it had determined Anderson had not

6

been completely candid and had provided incomplete cooperation. Anderson has alleged no facts suggesting the government harbored an unconstitutional motive at that time. He has submitted no authority for the proposition that, based on any later additional substantial assistance he provided, the government was required to reevaluate its prior decision. *Cf. United States v. Hernandez*, 34 F.3d 998, 999-1001 (11th Cir. 1994) (vacating and remanding the district judge's denial of an evidentiary hearing on the government's Rule 35 motion, because the denial forced a breach of the plea agreement, in which the government had promised to advise the judge of the defendant's post-sentence cooperation).

Anderson's claim on appeal, that he withdrew his North Carolina misconduct claims in exchange for the government's agreement to file a Rule 35 motion, mischaracterizes Anderson's motion to compel. In his motion, he asserted he voluntarily dismissed his claims against government agents, after which the agents agreed they would help him obtain a sentence reduction. Because Anderson did not make a substantial showing of an unconstitutional motive, the district judge did not abuse her discretion by failing to hold an evidentiary hearing on Anderson's motion to compel. *See Winfield*, 960 F.2d at 972.

**AFFIRMED.**

7