[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13304
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20318-KMM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANDRA FERNANDEZ VIERA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 17, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sandra Viera, convicted of conspiracy to commit healthcare fraud and conspiracy to receive and pay health care kickbacks under 18 U.S.C. §§ 371 and 1349, appeals the district court's order granting in part and denying in part the government's motion for a sentence reduction and evidentiary hearing brought pursuant to Fed. R. Crim. P. 35(b).  On appeal, Viera contends the district court violated her due process rights by failing to ascertain all the relevant facts of Viera's cooperation prior to ordering her sentence reduced.  Viera argues the circumstances of the reduction, in which the district court mischaracterized the government's requested reduction as 33% rather than 40%, reveal the district court failed to undertake an individualized consideration of the sentencing factors before granting only the 33% reduction.  Viera adds that the district court abused its discretion by failing to hold the evidentiary hearing that both she and the government requested.

The district court did not impose the 33% sentence reduction in violation of law or Viera's due process rights.  The record demonstrates the district court considered appropriate factors when determining the size of Viera's reduction, and Viera failed to show that the district court relied on inaccurate or unreliable information in determining the size of the reduction.  Second, the district court did not abuse its discretion by declining to conduct an evidentiary hearing to review the nature and extent of Viera's cooperation with the government.  The

2

government fully explained the relevant details of Viera's cooperation in its renewed Rule 35(b) motion, and the district court had significant discretion to determine whether the circumstances warranted an evidentiary hearing. Accordingly, we affirm.

## I.

In granting a 33% reduction, rather than a 40% reduction, under Rule 35(b), the district court did not violate Viera's rights to due process or impose the reduction in violation of law. We review *de novo* the application of law to sentencing issues, as well as the district court's interpretation of the Federal Rules of Criminal Procedure. *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc); *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996).

Upon the government's motion, a court may reduce a defendant's sentence if she "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Generally, we do not review a district court's discretionary decision to grant or deny a Rule 35(b) substantial-assistance motion. *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996). However, we will consider whether a court misapplied Rule 35(b) by considering inappropriate factors, and thus imposing the reduced sentence "in violation of law." *Id.* A sentencing court may award a reduction only on the basis of a defendant's substantial assistance. *Id.* at 204. However, that court may limit the size of the

reduction based on its consideration of factors other than the defendant's substantial assistance. *Id.* at 204–05.

The district court's imposition of a 33% reduction, rather than a 40% reduction, did not violate law. First, the district court did not violate Viera's due process rights by imposing that sentence reduction. As discussed below, the district court did not need to hold an evidentiary hearing to determine the extent of Viera's cooperation. Additionally, Viera failed to identify the "unreliable information" the district court rested upon in determining the sentencing reduction under Rule 35(b). In ruling on the government's renewed Rule 35(b) motion, the district court noted its awareness that the government advocated for a 40% reduction, and clarified that it nonetheless intended to reduce Viera's sentence by 33%, regardless of the earlier misstatement of the government's position. The district court further noted that it considered Viera's conduct and cooperation when determining the size of the reduction to impose. Because the district court did not impose the 33% reduction "in violation of law," we affirm.

## II.

In ruling on the government's Rule 35(b) motion, the district court did not abuse its discretion by denying an evidentiary hearing. We review the district court's refusal to grant an evidentiary hearing to determine the merits of a Rule

4

35(b) motion for an abuse of discretion.  *See United States v. Yesil*, 991 F.2d 1527, 1531 (11th Cir. 1992).

In some circumstances, the government's Rule 35(b) motion fails to fully explain the details of a defendant's substantial assistance.  For example, in *United States v. Yesil*, 991 F.2d at 1528, and *United States v. Hernandez*, 34 F. 3d 998, 999 (11th Cir. 1994), the defendants pled guilty and agreed to cooperate with the government in exchange for the government's promise to advise the district court of the nature and extent of their cooperation.  In both cases, the government subsequently filed a Rule 35(b) motion that provided incomplete details and cursory evidence of the defendants' cooperation, and instead requested a hearing. *Yesil* at 1529–30; *Hernandez* at 999–1000.  Both district courts summarily denied the joint Rule 35(b) motion without an evidentiary hearing.  *Yesil* at 1530; *Hernandez* at 1000.

On appeal, we held in both instances that the district court abused its discretion by refusing to conduct evidentiary hearings because the district court was obligated to accept the government's proffer concerning the defendants' cooperation once it accepted the plea bargains that required the government to advise it of the nature and extent of the defendants' cooperation.  *Yesil* at 1531–32; *Hernandez* at 1000.  In arriving at this determination, we noted that this plea bargain severely curtailed the district court's usual discretion because, once

5

accepted, the plea agreement also bound the court. *Yesil* at 1531–32; *Hernandez* at 1001. Those defendants were entitled to relief once the court denied them the benefits of their plea agreements.

Here, the district court did not abuse its discretion or impose the 33% reduction to Viera's sentence in violation of her due process rights. Unlike *Yesil* and *Hernandez*, the government did not promise to fully apprise the district court of any circumstances for a Rule 35(b) motion. Thus, the district court's discretion to deny an evidentiary hearing was not curtailed because the court was not bound by any provision in the plea agreement. *See Yesil*, 991 F.2d at 1528.

Second, the government's written submission outlining Viera's cooperation and the potential differences between her cooperation and that of her co-conspirator sufficed to satisfy any requirement as to the district court's knowledge. *See Hernandez*, 34 F.3d at 1001 n.6. Particularly, Viera's response provided the court sufficient information about the wide extent of her cooperation. The district court and the sentencing court were both aware of other sentencing factors involved in the offense. Thus, they had the necessary information to determine not only whether Viera deserved a reduction, but also whether other factors cut against the size of the reduction requested by the government and Viera.

Even acknowledging that the district court imposed the 33% reduction prior to receiving all of the government's information, none of the additional facts that

6

Viera identified in her reply brief required elicitation in an evidentiary hearing before the district court could reasonably consider the information.  For example, though Viera does not allege that she faced any specific threats of harm, she generally asserts that the simple act of cooperation opens oneself to potential harm. The district court did not need an evidentiary hearing to elicit this generally-accepted reality of cooperation; thus, the court held significant discretion to decline to hold one.  Therefore, we affirm the district court's order denying the government and Viera's request for an evidentiary hearing on the Rule 35(b) motion.

**AFFIRMED.**