[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14819
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00217-WSD-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EPHREN TAYLOR, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ephren Taylor seeks review of the district court's order granting the government's motion for a 12-month sentence reduction for post-sentencing substantial assistance under Fed. R. Crim. P. 35(b).  He argues that the district court erred when it granted the government's substantial assistance motion because it failed to take into account multiple factors that counseled in favor of a greater sentence reduction, such as allegedly ineffective assistance of counsel and his drug abuse problems.  He also argues that the amount of assistance that he provided was worth more than a one-year sentence reduction.  Finally, he argues that his counsel was ineffective at sentencing and that the district court erred at sentencing by failing to compel the government to file a motion for a downward departure under U.S.S.G. § 5K1.1.

We review the district court's legal rulings on a substantial assistance motion under Fed. R. Crim. P. 35(b) *de novo.  United States v. Chavarria-Herrara*, 15 F.3d 1033, 1036 (11th Cir. 1994).

Under Fed. R. Crim. P. 35(b), the government may file a motion to reduce a defendant's sentence if the defendant provides substantial assistance after sentencing in prosecuting or investigating another person.  Fed. R. Crim. P. 35(b).  A decision by the district court to grant or deny a Rule 35(b) motion is discretionary.  *United States v. Manella*, 86 F.3d 201, 204-05 & n.6 (11th Cir. 1996).  A Rule 35(b) motion is meant to provide relief for substantial assistance

provided after sentencing, whereas a motion by the government under U.S.S.G. § 5K1.1 is meant to provide relief for any substantial assistance that the defendant provided before sentencing. U.S.S.G. § 5K1.1; Fed. R. Crim. P. 35(b); *United States v. Howard*, 902 F.2d 894, 896 (11th Cir. 1990). Nevertheless, the district court may consider the defendant's pre-sentence assistance when ruling on a Rule 35(b) motion. Fed. R. Crim. P. 35(b)(3).

When a district court grants a sentence-reduction motion for substantial assistance, "[s]uch sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(e); *Chavarria-Herrara*, 15 F.3d at 1037 n.7. When evaluating the extent of a defendant's substantial assistance, the Sentencing Guidelines provide that a court should consider factors that include (1) the court's evaluation of the significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of any information provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance. U.S.S.G. § 5K1.1(a).

Appeals from a district court's discretionary decision to deny or grant a Rule 35(b) motion are generally not within our subject matter jurisdiction. *See Manella*, 86 F.3d at 203. However, a defendant may raise the legal issue of whether the

3

district court misapplied Rule 35(b) by relying on improper factors and therefore imposed a sentence in violation of law. *Id.*

A district court's decision to reduce a sentence under Rule 35(b) may be based only on factors related to the defendant's substantial assistance, and it is error to consider any other factor that would counsel in favor of a sentence reduction. *Chavarria-Herrara*, 15 F.3d at 1037 (concluding that the district court erred when it considered the defendant's first-time offender status, relative culpability, and good prison behavior when granting a sentence reduction under Rule 35(b)). A district court may consider other factors, including the factors listed in 18 U.S.C. § 3553(a), but only to the extent that they militate against a sentence reduction or in favor of a smaller reduction. *Manella*, 86 F.3d at 204-05.

An appellate court generally cannot adequately decide an ineffective assistance of counsel claim raised for the first time on direct appeal because the focus at trial was not whether defense counsel's actions were prejudicial or supported by reasonable strategy. *Massaro v. United States*, 538 U.S. 500, 504-05 (2003). The preferable means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion, "even if the record contains some indication of deficiencies in counsel's performance." *Id.*

In a criminal case, a defendant must file a notice of appeal within 14 days after the challenged order is entered on the docket. Fed. R. App. P. 4(b)(1)(A).

4

However, the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Nevertheless, if the government raises the issue of timeliness, then this Court must apply the time limit. *Id.* at 1313-14. A *pro se* prisoner's notice of appeal is deemed filed on the date that he delivers it to prison authorities for mailing, and, absent evidence to the contrary, we will assume that a prisoner delivered a filing to prison authorities on the day the prisoner signed it. Fed. R. App. P. 4(c)(1); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012).

A judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment for all other purposes" notwithstanding the fact that a sentence to imprisonment can subsequently be modified or corrected under Rule 35(b). 18 U.S.C. § 3582(b), (c). We have concluded that a district court's resentencing following the grant of a Rule 35(b) motion does not reset the statute of limitations to file a 28 U.S.C. § 2255 motion to vacate. *Murphy v. United States*, 634 F.3d 1303, 1314 (11th Cir. 2011). In reaching this holding, we concluded that Congress made clear in § 3582(b), that a sentence modification under Rule 35(b) does not affect the finality of the judgment for "any other purpose." *Id.* at 1309. "Had Congress not done so, a defendant could have argued that a sentence modification entitled him to a new direct appeal where he could

challenge anything that could have been challenged on a first direct appeal." *Id.* at 1308.  We also stated that a Rule 35(b) motion is merely a plea for leniency and that "it is impossible for the validity of the underlying conviction, and, indeed, of the sentence itself, to be at issue in a Rule 35(b) proceeding." *Id.* at 1313 (citation omitted).

The district court was correct to overlook the sentencing factors in 18 U.S.C. § 3553(a), or any other reason that was not related to Taylor's substantial assistance because a district court may only consider factors unrelated to the defendant's substantial assistance when those factors counsel against granting a sentence reduction.  We otherwise lack jurisdiction to address Taylor's arguments that the record shows that the substantial assistance he provided to the government was worth more than a one-year reduction, and we decline to address any claims of ineffective assistance of counsel at this time.  Finally, Mr. Taylor's notice of appeal is untimely to seek review of his original sentencing.

**AFFIRMED.**